# Drum et al. *v.* Dinkelacker, Appellant.

*Equity—Jurisdiction — Right-of-way — Obstruction — Disputed facts—Practice—Act of June 7, 1907, P. L. 440.*

Equity has jurisdiction to restrain the obstruction of a right-of-way, or other continuous trespass, where the facts are undisputed. When the facts are disputed, plaintiff should first establish his right in an action at law, and then come into equity, if necessary, for protection of the legally established right.

The Act of June 7, 1907, P. L. 440, gives a defendant, who desires to question the jurisdiction of the court of equity, a right to elect whether he will move the court to certify the whole case to the law side, or pray that the court award an issue or issues to try questions of fact. The statute requires the defendant to make his election at the inception of the proceeding, by demurrer or answer.

A bill in equity, having been filed to compel, by injunction, removal of an obstruction to a right-of-way, and to forbid further threatened encroachment, the defendant who prayed the court to award an issue to try the disputed questions of fact cannot, thereafter, be heard to complain because the court did as he requested, instead of transferring the entire case to the law side of the court.

*Easements—Extinguishment.*

An easement, that has continued through many changes of ownership in both the properties involved, for upwards of 27 years, is not extinguished by the bare fact that the dominant and servient tenements were at one time in the ownership and possession of the same person.

Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement, in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit, as the case may be.

Argued March 6, 1922. Appeal, No. 17, March T., 1922, by defendant, from decree of C. P. Luzerne County, June T., 1916, No. 2, in equity, continuing and making perpetual preliminary injunction, in the case of Carrie M. Drum, Nora Drum and Lottie Drum v. George W. Dinkelacker. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

92 DRUM et al. *v.* DINKELACKER, Appellant.

Bill in equity for injunction to restrain the closing of an alley.

The facts are stated in the opinion of the Superior Court.

The court sustained the bill and awarded an injunction. Defendant appealed.

*Errors assigned* were the decree of the court and the action of the court in dismissing the several exceptions.

*Rush Trescott* and *Roger J. Dever,* for appellant.— The court of equity has no jurisdiction: Washburn's App., 105 Pa. 480; Coward v. Llewellyn, 209 Pa. 582.

*William C. Price,* and with him *Philip L. Drum,* for appellee.—The court has jurisdiction, as the trespass is of a continuing character, and the fact that there is a dispute concerning title does not deprive equity of its jurisdiction: Wilson v. Catherm, 214 Pa. 3; Garvey v. Refractories Co., 213 Pa. 177; Ferguson's App., 117 Pa. 426.

OPINION BY PORTER, J., July 13, 1922:

The plaintiffs filed a bill in equity alleging that there had for over thirty years existed an alley, or right-of-way, along the line between their lot and that of the defendant, partly upon land of each, and used in common by the owners and occupiers of the respective lots. They complain that the defendant had recently moved a garage on to the alley and was also obstructing the alley with lumber, ashes and other material. They prayed for a preliminary injunction against further encroachment and obstruction, a final decree for removal and restoration, and for damages. Upon the filing of the bill, the court below granted a preliminary injunction against further encroachment and obstruction. The defendant, on May 15, 1916, moved to dissolve the injunction, which motion was dismissed. He filed his answer on the 16th

of the following month, averring that the garage was on his property, and not on that of the plaintiffs; that the plaintiffs had an adequate remedy at law and prayed "the court to award an issue to try questions of fact, said issue to be decided in limine, as provided by the Act of June 7, 1907, P. L. 440." A replication having been filed, the defendant, on May 7, 1918, again moved to dissolve the preliminary injunction. The parties went into a hearing on this motion and the court entered a decree, not only refusing to dissolve the preliminary injunction, but mandatorily requiring the removal of the garage, the restoration of the alley, and placing the costs of the case on the defendant. The defendant thereupon appealed to the Supreme Court, alleging, among other things, that the court below erred in not certifying the case to the law side of the court. Mr. Justice SIMPSON, who spoke for the court, in dismissing this assignment of error, said: "But the court was never moved to so certify it, and if it had been, and had refused the motion, the decision would have been interlocutory and not the subject of an appeal": Drum v. Dinkelacker, 262 Pa. 395. The decree of May 27, 1918, was, however, reversed for the reason that it was in effect a final decree, destroying the status, which could be entered only after a final hearing, and not upon the preliminary hearing on the motion to dissolve the preliminary injunction, without the consent of the parties. The case went back to the court below for further proceedings. The court below, after a partial hearing, arrived at the conclusion that there was a substantial dispute of fact as to the right of plaintiffs to use the alley, and, in a learned opinion by Judge STRAUSS, held that an issue must be certified to the law side of the court, for trial by a jury, and so certified this issue: "Has there existed during a period of more than twenty-one years before the filing of the bill a right of way, as described in the bill, in favor of the plaintiffs and their predecessors in the title over the lands of the defendant? In that issue these plaintiffs shall have the

affirmative and the bill shall stand as declaration, the answer as plea." The jury trial resulted in an affirmative answer, in favor of the plaintiffs, upon which judgment was entered, and the record remitted to the equity side of the court. After a final hearing, in which all the evidence and contentions of the parties were fully considered, the court filed its decision, including specific findings upon all the material questions of fact and questions of law involved, and entered a decree nisi, continuing and making perpetual the preliminary injunction and awarding a mandatory injunction compelling removal of present obstructions of the alley; and placing the costs upon the defendant. The defendant filed exceptions to the decree which were overruled by the court in banc, and the decree made absolute and final. The defendant appeals from that decree.

The jurisdiction of the court, in equity, to compel by injunction the removal of obstructions in the alley, partly located upon defendant's land, where the existence of the right of plaintiffs to use the alley is denied in the answer and disputed by evidence, is challenged by numerous assignments of error. Equity undoubtedly has jurisdiction to restrain the obstruction of a right-of-way, or other continuous trespass, where the facts are undisputed. When the facts are disputed and the exercise of the right involves a deprivation of property of the defendant or the imposition of an encumbrance thereon, the defendant has a right to trial by jury. In the latter case the plaintiff should first establish his right in an action at law, and then come into equity, if necessary, for the protection of the legally established right. The bill, in the present case, prayed for a decree that a permanent obstruction be removed, but it also prayed for an injunction against further encroachments, which seemed to be threatened. The proper practice, in such a case, formerly was, where the affidavits disclosed a prima facie right in the plaintiff, for the court to interfere by special injunction, stay the defendant's hand,

thus preserving the status quo, until the right had been tried at law: Rhea v. Forsyth, 37 Pa. 507. The defendant had no reason to complain when the court, instead of dismissing the bill and compelling plaintiff to bring trespass, awarded an issue for the trial of the facts in dispute between the parties: Smith & Fleek's Appeal, 69 Pa. 474. The defendant contends that the allegations of his answer gave him the absolute right to have the whole case certified to the law side of the court, under the provisions of the Act of June 7, 1907, P. L. 440. The provisions of the statute, as well as the averments of the answer, must be considered in determining the soundness of this contention. The part of the statute now material is as follows, viz: "That when a bill in equity has been filed......if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties." "Section 2. If a demurrer or answer be filed, averring that the suit should have been brought at law, that issue shall be decided in limine, before the hearing of the cause upon the merits." It thus clearly appears that the defendant is given a right to elect whether he will move the court to certify the whole case to the law side, or pray that the court award an issue or issues to try questions of fact. Whatever his election may be, he is merely asserting his right to a trial by jury, of the facts in dispute. When the case is clearly one in which equity has no jurisdiction of the subject-matter he has the right to demand that the whole proceeding be certified to the law side of the court. When the case is one in which equity has jurisdiction to protect the right asserted by the plaintiff, after it has been established by law, he may elect to pray that the court award an issue or issues to try the questions of fact. This certainly means that the issues of

fact are to be tried by the jury, the chancellor retaining the bill, until the issues have been tried and the right thus established at law. The statute requires the defendant to make his election, to have the whole case certified to the law side of the court, or the chancellor award an issue to try questions of fact, at the inception of the proceeding, by demurrer or answer. He cannot take both horns of the dilemma and pray that an issue be awarded, and, after that issue has been determined against him, demand that the whole case be then certified to the law side of the court.

The defendant, in the fifteenth paragraph of his answer averred, "that the suit should have been brought at law and prays the court to award an issue to try questions of fact, said issue to be decided in limine as provided by the Act of June 7, 1907, P. L. 440." This was an express election to have the court award an issue to try the disputed questions of fact; an exercise of the right given to the defendant by the Act of 1907. The defendant is not now in position to complain that the court took him at his word, and certified to the law side of the court an issue, to be submitted to a jury, embodying the identical question which would have arisen on the trial of an action of trespass for interference with the easement. The burden of proof was on the plaintiffs, and the defendant was deprived of no right or advantage that he would have had in the trial of an action of trespass: Smith & Fleek's Appeal, supra. If we were to reverse this decree, upon the ground that the court below should have certified the proceeding to the law side, all that we could do would be "remit the cause to the court below, with direction to transfer it to the law side of that court, all costs in the cause to abide the final determination thereof in the court of law," the effect of which would be to give this defendant another jury trial, upon the identical questions which have already been found by one jury adversely to his contention. The language of the Act of 1907 is not capable of a construction indicating a legis-

lative intent that a defendant should be entitled to two trials by jury upon the same disputed questions of fact. The court below had jurisdiction of the cause and we find no reversible error in the manner in which that jurisdiction was exercised.

It is alleged that the court committed errors in its rulings in the trial of the issue, several of the assignments on this branch of the case referring to the rulings of the court as to the effect upon the rights of these parties of the fact that a predecessor in title of the plaintiffs was asserted to have had at one time an interest in both of the properties involved. Other assignments of error refer to the conclusions of the chancellor as to the law applicable when the dominant and servient tenements have at one time been in the ownership and possession of the same person. The question thus raised renders necessary a brief recital of the facts. The evidence would have warranted a finding that this alley had been in existence and used by the occupiers of the lot of the plaintiffs and that of defendant since the year 1860. N. S. Drum acquired title to plaintiffs' lot in 1869. Philip Hess, who owned the lot of the defendant, died September 22, 1879, and the lot descended to his seven children, one of whom was Elizabeth, the wife of N. S. Drum. The evidence established that the alley continued to be used by the occupants of the lot during the time that N. S. Drum owned the lot of the plaintiffs, and Elizabeth, his wife, was the owner of an undivided interest in the lot of the defendant. On February 25, 1887, Elizabeth Drum and certain other heirs of Philip Hess conveyed to Mary A. Drum, who was also an heir of Philip Hess, the lot of the defendant, no mention of the alley being contained in that deed, and N. S. Drum, the husband of Elizabeth, joined in that conveyance. Mary A. Drum conveyed the lot to the defendant in 1907. N. S. Drum subsequently died and his will devised to the plaintiffs the lot to which they now assert a right of way over the alley as an appurtenance. The evidence

VOL. LXXIX—7

disclosed that the alley had been used by the occupants
of each of the lots during all the changes of ownership.
The defendant, at the trial, asked the court to charge
that the deed to Mary A. Drum, in which N. S. Drum
joined his wife, on February 25, 1887, extinguished every
right that N. S. Drum had in the alley. The court re-
fused to so charge and this ruling is assigned for error.
The argument of the learned counsel for the appellant is
that the use of the alley, by N. S. Drum, from 1879 to
1887, must be held to have been permissive for the rea-
son that his wife was the owner of one undivided seventh
of the lot now owned by the defendant and, also, that the
deed to Mary A. Drum, in which N. S. Drum joined,
extinguished every right which he had in the alley. The
argument of the defendant ignores a well established
principle. His case is certainly no stronger than if N. S.
Drum had been the sole owner of both lots, during the
time that he owned one of the lots and his wife had an
undivided interest in the other. "It is true that, strictly
speaking, a man cannot subject one part of his property
to another by an easement, for no man can have an ease-
ment in his own property, but he obtains the same object
by the exercise of another right, the general right of prop-
erty; but he has not the less thereby altered the quality
of the two parts of his heritage; and if, after the an-
nexation of peculiar qualities, he alien one part of his
heritage, it seems but reasonable, if the alterations thus
made are palpable and manifest, that a purchaser should
take the land burthened or benefited, as the case may be,
by the qualities which the previous owner had undoubt-
edly the right to attach to it. The easement in the case
at bar was palpable and permanent; and the defendant
was not at liberty to disturb it": Seibert v. Levan, 8 Pa.
390. "The owner may undoubtedly alter the quality of
the several parts of his heritage; and if he does so, and
afterwards alien one part, it is but reasonable that the
alterations thus made, if palpable and manifest, and
obviously permanent in their nature, shall go to the pur-

chaser in the condition in which they were placed, and with the qualities attached to them by the previous owner. Easements which are apparent and continuous are not merely those which must necessarily be seen, but those which may be seen or known on a careful inspection by a person ordinarily conversant with the subject. ......Servitudes which are extinguished by unity of title, do not in general revive upon severance; but where they are apparent and obviously continuous, they do": Kieffer v. Imhoff, 26 Pa. 443. The doctrine of these cases has been consistently maintained by the courts in a line of decisions of which it is sufficient to cite the following: Pennsylvania R. R. Co. v. Jones, 50 Pa. 417; Grace Church v. Dobbins, 153 Pa. 294; Casey v. Canning, 43 Pa. Superior Ct. 31. The principal established by these decisions was thus briefly summarized by Chief Justice MITCHELL, in Liquid Carbonic Co. v. Wallace, 219 Pa. 458: "Where an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit, as the case may be." All the assignments of error are dismissed.

The decree is affirmed at the cost of the appellant.