## John B. Tresca *v.* Anna M. Schupp, Appellant.

*Equity—Jurisdiction—Disputed facts—Practice—Act of June 7, 1907, P. L. 440—Equity rules 61—Right of way—Obstruction—Easement—Extent—Evidence—Sufficiency.*

In a bill in equity to compel the removal of a fence between adjoining lots, the plaintiff claimed a right of way between the properties and constructed a concrete pavement thereon. The defendant denied the existence of the easement. Defendant moved to have an issue certified to the law side of the court under the Act of June 7, 1907, P. L. 440. The motion was granted and the issue resulted in a verdict for the plaintiff.

A verdict by the jury pursuant to the Act of June 7, 1907, P. L. 440, is final after judgment below, if unreversed on appeal. The defendant's motion was not made to inform the conscience of the chancellor under equity rule 61, but to assert her right to trial by jury. The Court, therefore, was bound by the verdict.

Evidence that an easement existed for "40 some feet" will not support a finding that the right of way extended to the depth of 46 feet, and a decree in favor of the plaintiff will be modified accordingly.

Argued April 28, 1927. Appeal No. 135, April T., 1927, by defendant from final decree of C. P. Allegheny County, October T., 1923, No. 1291, in equity, in the case of John B. Tresca v. Anna M. Schupp. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity for injunction to restrain obstruction of a right of way.  Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court awarded an issue to the law side of the court.

Verdict for plaintiff.  The court entered a final decree directing the defendant to remove the obstruction.  Defendant appealed.

*Error assigned,* among others, was in holding the verdict of the jury conclusive and the decree of the court.

*Harry G. Tinker* for appellant.—The verdict of a jury is not conclusive upon the chancellor: Evans v. Quinlan, 240 Pa. 298; Drum v. Dinkelacker, 79 Pa. Superior Ct. 91.  The use of the land was not such as to create an easement: Baxter v. Girard Trust Co., 288 Pa. 256; Rung v. Shoneberger, 2 W. 23; Esling v. Williams, 10 Pa. 126; Workman v. Curran, 89 Pa. 226; Birnbaum v. Bailey, 279 Pa. 286; Watkins v. Peck, 13 N. II. 360; Sallada C. Mock, 271 Pa. 212; Roat v. Frear, 167 Pa. 614; Boynton v. Loughrey, 19 Nev. 69; Mershon v. Fidelity Inc. Co., 208 Pa. 292; Darlington v. Painter, 7 Pa. 473; Miron v. Percheck, 279 Pa. 456; Bright v. Allen, 203 Pa. 394.

*Franklin A. Ammon,* for appellee.—The use of the land was such as will create an easement: Seibert v. Levan, 8 Pa. 390.

OPINION BY LINN, J., July 8, 1927:

This is a dispute between adjoining lot owners concerning a right of way claimed by plaintiff over a strip of defendant's land two feet wide from which plaintiff was excluded by a fence erected by defendant.  The bill averred plaintiff's ownership of a dwelling No.

7629 Kelly Street, in Pittsburgh, erected 1 foot, 10 inches east of the line dividing his lot from defendant's; that defendant owned the adjoining house No. 7631 Kelly Street, erected 2 feet west of the dividing line; it was averred that long before, both buildings were erected by a common owner of the two lots and that ever since the strip between the two houses, 3 feet, 10 inches wide, had been used prescriptively as a passage way to furnish access to the rear of plaintiff's house. Plaintiff averred that he purchased his lot in 1917, and then removed a board walk from the passage and substituted therefore a concrete surface; that defendant purchased her lot in 1922, and in 1923, against plaintiff's protest, erected a wire fence lengthwise through the passage on the dividing line. He prayed that defendant be required to remove the fence and restore the concrete surface.

In her answer, defendant asserted that plaintiff's "title to the land between the buildings ...... should first be established by an action at law, and until so established a court of equity is without jurisdiction." She denied the alleged prescriptive use; averred that the fence was on her land; she complained that the concrete surface was constructed by plaintiff at such grade as to throw the surface drainage of plaintiff's strip of land over on her land, and that a drain to carry off that water had been constructed by plaintiff partly on her land.

Before final hearing no action was taken under section 2 of the act of June 7, 1907, P. L. 440, to have the case certified to the law side of the court (Ebling v. Borough, 244 Pa. 505, 509), but when the case was called for trial, the record states (though the motion is not printed) defendant moved to "dismiss the bill for want of jurisdiction, on the ground that the relief prayed for depends upon a determination of the right to use the space between the buildings." The

motion was dismissed, as the court below says, because "the facts were not sufficiently developed to determine it." The testimony offered by each side was taken and the motion was renewed, "...... counsel asserting that the questions of fact averred (?) by the testimony are such as should be determined first by a court of law, as the plaintiff's right is not clear." The court then concluded there was "substantial dispute of fact, and not a mere denial without support ...... [and that] ........ an issue must be certified to the law side of the court for trial by jury." A question to be submitted to the jury was certified, and after amendment, was tried. That question, briefly stated, was whether there had existed for more than twenty-one years before the filing of the bill, a prescriptive right of way as described in favor of plaintiff and his predecessors in title over the land of the defendant, the plaintiff having the affirmative, the bill standing as a declaration and the answer as a plea. Meanwhile, the bill was retained. The land described in the question as certified begun at the front house line and extended rearward 46 feet; the depth of the houses was 34 feet, leaving a strip of 12 feet in the rear of the houses, an element to be referred to later.

The jury answered the question in the affirmative, declaring that the prescriptive right of way existed. The chancellor then called the case for a continuation of the hearing in equity. No additional witnesses were called but both parties put in evidence the record of the jury trial including the testimony. The chancellor filed an adjudication with a decree nisi. Exceptions were filed and all but one were dismissed. An injunction was granted, requiring defendant to remove the obstructions erected by her, and enjoining her from interfering with the use of the passage by plaintiff and parties lawfully seeking entrance to his house and lot. Pursuant to one of defendant's exceptions,

there was added to the decree the following: "this decree is not to give the plaintiff any right to construct or maintain a cement or other walk or any drain on defendant's property." No assignment of error complains of the action of the court on the motions to dismiss the bill on the ground that there was an adequate remedy at law, or that defendant had been deprived of any right under the act of June 7, 1907.

Only three contentions are presented here by appellant, and to those we have confined our review. They relate (1) to the effect to be given by the chancellor to the verdict of the jury; (2) to the sufficiency of the evidence to establish a prescriptive right of way; (3) a point concerning enlarged user of the way.

1. The chancellor held that he was bound by the finding of the jury that a right of way existed over defendant's strip of land 2 feet wide. Appellant now contends that he should not have considered himself bound by the verdict, but that pursuant to equity rule 61, he should have considered the verdict as merely advisory; that as he did not consider himself free to disregard the verdict, this court should reverse, remit the record and require him to make a specific finding of fact as to the existence of the easement. The argument confuses the procedure provided in the act of 1907 with the procedure provided for by equity rule 61. The verdict by the jury pursuant to the Act of 1907 is final after judgment below, if unreversed on appeal. In Drum v. Dinkelacker, 79 Pa. Superior Ct. 91, 94, this court described the procedure required prior to 1907 to restrain interference with such rights. Formerly, if a substantial dispute of plaintiff's title appeared in such case, it was essential before equity would enjoin, to establish the title at law; after it was established, equitable relief followed, but the title was not again tried in equity; the chancellor acted on the

title established at law. The change in procedure made by the act of 1907 is stated in Drum v. Dinkelacker, Defendant in this case acted pursuant to that statute, and when plaintiff established his title in the jury trial, defendant became as much bound by it as she would have been bound by an action at law prior to the act of 1907. Defendant's motion was not made to inform the conscience of the chancellor under equity rule 61, but to assert defendant's right to trial by jury. The first complaint is dismissed.

2. Our consideration of the second point, that the testimony does not sustain the decree, had led us to conclude that the decree requires modification. The question submitted to the jury was whether the right of way existed over the strip 46 feet in depth, that is, 12 feet in the rear of the houses. The evidence then taken does not sustain the finding; none of the witnesses testified to any use of this strip beyond 40 feet from the front house lines. The plaintiff did say that the use was to the depth of "40— some feet," but that expression will not support an easement beyond 40 feet; it was necessary for plaintiff to prove exactly what he claimed; in the circumstances the expression "some feet" means nothing; he is not entitled to more than he proved (compare Baxter v. Girard Trust Co., 288 Pa. 256, 262). We are of opinion however, that this does not require subjecting these parties to the expense of another trial; the error can be cured here by limiting the operation of the injunction to 40 feet of the strip beginning at the front house lines of the parties: McConville v. Ingram, 268 Pa. 507, 520.

3. Appellant's third complaint relates to the so called "enlargement of the user," by which we understand appellant to contend that plaintiff's laying of the cement walk diverted the surface drainage of the passage way to defendant's side of the dividing line. The decree provided, as has been stated, "it is not to

give the plaintiff any right to construct or maintain a cement or other walk or any drain on defendant's property." The appellant does not contend that this provision in the decree is not sufficient to protect her, but asserts that the fact that drainage was diverted requires the dismissal of the bill. We cannot agree with that view. The decree would seem adequate to protect her property against hereafter receiving the surface drainage from plaintiff's strip of land.

The record is remitted with instructions to modify the decree to confine restraint of defendant to a point 40 feet from the front house line; so modified, the decree is affirmed. All costs to be divided between the parties.