John B. Tresca, Appellant, v. Anna M. Schupp.

Argued April 23, 1929.

Before Trexler, Keller, Gawthrop, Cunningham and Baldrige, JJ.

*F. A. Ammon,* for appellant.

*Harry G. Tinker,* for appellee.

Per Curiam, July 2, 1929:

The proceeding began with a bill to restrain defendant from obstructing plaintiff's use of a right of way between their dwellings constructed on adjoining lots: Tresca v. Schupp, 91 Pa. Superior Ct. 368. After the decree was served, defendant made changes in her fence to conform to the decree as she understood it. Originally each house had a front porch six feet wide and therefore extending the same distance from the house line proper toward the curb line. Plaintiff has increased the width of his porch to eight feet, which therefore results in his requiring the use of a small area of defendant's front yard for purposes of access to the alley way between the houses, which he would not have required if he had left his front porch line flush with defendant's front porch line as it originally was. Defendant declined to permit plaintiff to increase the use of her yard space to enable plaintiff to make the turn into the alley way required as a

480

result of his having widened his porch to eight feet. The decree allowed plaintiff exactly what he proved that he was entitled to; if he has deprived himself of the free enjoyment of what he had before he enlarged his porch, he cannot require defendant to accommodate him.

The present proceeding began by an application by plaintiff to the court below to have defendant held in contempt for failure to comply with the decree to remove obstructions. The learned trial judge gave most comprehensive consideration to the matter as is shown by his opinions written on this phase of the case; he inspected the site and concluded that plaintiff had all that the decree awarded and that defendant was not in contempt.

The order appealed from is affirmed at appellant's costs.