## A. Wishart & Sons Co., Appellant, *v.* Erie Railroad Co. et al.

*Nuisance—Equity — Injunctions — Railroads — Obstruction of public crossing—Parties—Peculiar injury.*

1. The remedy for the obstruction of a public road, as in the case of any public nuisance, must be sought by the public authorities, either the attorney general or district attorney.

2. A private corporation has no standing by bill in equity to restrain a railroad company from obstructing a public crossing where there is no allegation or evidence that the injury to it is peculiar in kind, or different in degree and extent, from that sustained by the general public.

Argued March 16, 1925.   Appeal, No. 62, March T., 1925, by plaintiff, from decree of C. P. Mercer Co., Oct. T., 1923, No. 1, dismissing bill in equity, in case of A. Wishart & Sons Co. v. Erie R. R. Co., Sharon Railway Co., C. Bucholz and Charles Pierson.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Bill for injunction to restrain removal of roadway or crossing.   Before McLAUGHRY, P. J.

The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Fred T. Fruit,* of *Davis, Fruit & Anderson,* with him *Leo H. McKay,* of *McKay & McKay,* for appellant.— Ground may become a public highway by long continued use: P., F. W. & C. Ry. v. Dunn, 56 Pa. 280; Com. v. Cole, 26 Pa. 187; Com. v. Llewellyn, 14 Pa. Superior Ct. 214.

The law in Pennsylvania is not different when the highway so used by the public crosses the right-of-way of a railroad: Com. v. Ry., 135 Pa. 256; Donnelly v. P. S. C., 268 Pa. 345.

The case of Plitt v. Cox, 43 Pa. 486, is clearly authority for the position contended for by appellant, namely, that either a private individual or the public may acquire a right of crossing a railroad right-of-way by prescription: Davis v. R. R., 26 Pa. Superior Ct. 364; Neff v. R. R., 202 Pa. 371.

A public crossing may be acquired over a railroad right-of-way by more than twenty-one years adverse use which began prior to the purchase of the right-of-way by the railroad: McDonald v. Hovey, 110 U. S. 619.

*C. E. Brockway,* with him *Q. A. Gordon* and *J. P. Whitla,* for appellee.—A right-of-way cannot be obtained over lands of a railroad by adverse use: Conwell v. Ry., 241 Pa. 172; Holmes & Holmes v. P. S. C., 79 Pa. Superior Ct. 374; Reading Co. v. Seip, 30 Pa. Superior Ct. 330; Penna. R. R. v. Boro., 138 Pa. 91; New Orleans, Spanish Fort, etc., R. R. v. Delamore, 114 U. S. 501.

OPINION BY MR JUSTICE SCHAFFER, April 13, 1925:

This bill was filed to enjoin the obstruction of an alleged road, crossing the railroad tracks and right-of-way of the corporations defendant, and leading into

plaintiff's property. The court below refused the relief prayed for and dismissed the bill; plaintiff appeals.

In the bill, appellant characterized the road as a "road or way" without indicating whether it was a public or private one, but throughout its brief speaks of it as a "public crossing." There is no question that the crossing was originally a bridge erected many years ago by the Commonwealth over a canal, to provide the then owner, whose land had been cut in two by the water course, with a connecting span. The canal was later abandoned and the land formerly devoted to it was acquired by defendant companies. At that time, the ground on both sides was owned by one person, who, however, in 1900 sold to several purchasers sections of the land on either side of the railroad.

It is clear that plaintiff is relying on the long use of the crossing (for more than twenty-one years) by the public to establish certain rights which it argues the railroad company cannot take away. If by the evidence produced appellant established the public nature of the "road or way" which constituted the crossing, it thereby showed that the bill of complaint was improperly brought in its name to obtain the relief sought. There is no allegation or evidence that the injury to plaintiff is peculiar in kind or differs more than in degree and extent from that sustained by the general public. Under these circumstances, the remedy for the obstruction of a public road, as in the case of any public nuisance, must be sought by the public authorities, either the attorney general or district attorney: Com. ex rel. Attorney General v. Kepner, 1 Pearson 182; Hobson v. Phila., 155 Pa. 131; Gold v. Phila., 115 Pa. 184; Sparhawk v. Union Passenger R. R. Co., 54 Pa. 401; Jones on Easements (1898), sec. 543; Goddard, Law of Easements, 6th ed. (1904), page 539; 32 Corpus Juris, pages 47, 295.

The decree of the court below is affirmed at appellant's cost.