## Orton et al. *v.* Dalrymple et al., Appellants.

*Equity—Municipalities—Streets—Obstruction to streets—Right to · maintain action—Township supervisor.*

A bill in equity for an injunction is the proper remedy by which to protect the public where a property owner has encroached upon a public highway. The township supervisors have a standing to abate nuisances on a highway by removing them if that may be done without a breach of the peace, or by a bill in equity to restrain or by an indictment in the Court of Quarter Sessions.

They may resort to the criminal side of the court or they may adopt the expeditious and effective remedy offered in chancery.

Argued October 26, 1927. Appeal No. 433, April T., 1928, by defendants from final decree of C. P. Erie County, No. 8, February T., 1926, in Equity, in the case of Joseph Orton, G. Will Butt, W. H. Standish, as Supervisors of North East Township, and individually and on behalf of such others as may be joined as parties plaintiff, v. Clara E. Dalrymple, Clark O. Taynter, administrator de bonis non, cum testamento annexo, Frank L. Bowman, testamentary trustee and testamentary guardian of Norman and Virginia Dalrymple, and Harold Wilkinson. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP· and CUNNINGHAM, JJ. Affirmed.

Bill in equity for an injunction. Before ROSSITER, P. J.,

The facts are stated in the opinion of the Superior Court.

The court granted a perpetual injunction. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*C. O. Tayntor,* and with him *John B. Brooks, Charles H. English* and *Frank B. Quinn,* for appellants.—The remedy for the obstruction of a public road must be sought by the attorney general or district attorney: Commonwealth ex rel. Attorney General v. Kepner, 1 Pearson 182; Hobson v. Phila., 155 Pa. 131; Gold v. Phila., 115 Pa. 184; Sparhawk v. Union Passenger R. R. Co., 54 Pa. 401; Jones on Easements, (1898), Sec. 543; Goddard, Law of Easements, 6th Ed. (1904), p. 539; 32 Corpus Juris 47, 295.

*S. Y. Rossiter,* for appellees.—Supervisors have a standing to maintain an appeal for an injunction for the obstruction of a highway: Cook v. Deerfield Township, 64 Pa. 445; Borough of Summerhill v. Sherbine, 88 Pa. S. C. 419. An injunction is a proper remedy for the obstruction of a highway: Borough of Milford v. Burnett, 87 Pa. Superior Ct. 588; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418; Lenhart v. Wright, 286 Pa. 356; Wilson v. Cather, 214 Pa. 3.

OPINION BY HENDERSON, J., March 2, 1928:

The trial judge found that a public road exists as described by the complainants, extending from the Lake Road northwardly to the margin of Lake Erie, which had been in uninterrupted use by the public for forty years prior to the obstruction by the defendant. The evidence is sufficient to make the finding of the court conclusive on this appeal. Many witnesses testified that the road had been in use for a time sufficiently long to raise a presumption of dedication by those who were successive owners of the land during the period

referred to.  The lake is less than 200 feet from the
Lake Road and the locality was convenient for access
to the lake.

The appellants contend however that (1) the com-
plainants have not such interest in the subject of con-
troversy as will sustain the bill, and (2) that the decree
is not in conformity with the finding of facts with
respect to the width of a part of the road.  The com-
plainants are the supervisors of the township and as
such officers are required in their respective districts
to keep the public roads clear of impediments and
convenient for travel.  Their authority is general to
supervise and repair, and their duty is imperative to
maintain the public highways in reasonably good con-
dition.  Owing this duty to the public, they have stand-
ing to abate nuisances on a highway by removing the
same, if that may be done without a breach of the
peace, or by a bill to restrain, or by indictment in the
Court of Quarter Sessions.  Trespass on the case was
the remedy at common law for interference of an indi-
vidual's right to a public or private way, but a munici-
pality is not so limited.  It was said in New Castle v.
Raney, 130 Pa. 546; "No one doubts the jurisdiction
of a court of equity in the case of a nuisance per se,
such as a bone boiling establishment, a swine yard, or
pig-sty, or other similar establishment.  So with ob-
struction to public highways."  Pittsburgh v. Epping-
Carpenter Co., 194 Pa. 318, was a proceeding in equity
for the removal of a structure interfering with the
rights of the public to a wharf space claimed by dedi-
cation.  The land in question was used as a passage to
the river.  On the facts disclosed, the court said: "We
have no doubt as to the jurisdiction of the court to
entertain the plaintiff's bill."  Lenhart v. Wright, 286
Pa. 351, was a case in which an obstruction was erec-
ted in a highway by an abutting land owner, the re-
moval of which he resisted by a bill for an injunc-

tion on the ground that the wall was not within the road. The court there held that the continuance of an obstruction could be restrained, or it might be abated by the proper authorities, or the parties responsible might be indicted for the maintenance of a nuisance. A bill in equity was resorted to in Milford Bor. v. Burnett, 288 Pa. 434, on a state of facts relating to a public street, without question in the Superior Court or the Supreme Court, as to jurisdiction in equity. A bill was sustained in the Bor. of Summerhill v. Sherbine, 88 Pa. Superior Ct. 419, in which case the jurisdiction at the suit of the Borough to abate street obstructions by injunction was sustained, and numerous authorities are there cited by our Brother KELLER in harmony with the conclusion reached. Emphasis is placed by the appellant on the decision in Wishart & Sons v. Erie R. R. Co., 283 Pa. 100, in support of their position. There the plaintiffs alleged a public way acquired and used for more than twenty-one years over land owned by the defendant. There was no evidence however to show that the injury to the plaintiff was peculiar in kind, or different from that sustained by the general public, in which circumstances the court held the remedy for the obstruction of a public road, as in the case of any public nuisance, must be sought by the public authorities, either the attorney general or district attorney. We do not regard this decision as establishing a different doctrine from that set forth in the cases above cited. Unquestionably a private individual seeking to redress a public wrong has no standing in equity unless he makes it appear in his complaint and shows by sufficient evidence that he has sustained an injury peculiar to himself and different from that sustained by the general public. Unless he is so affected the injury must be redressed on the complaint of the authorities representing the public. In the case for our determination, the trustees of the public, to wit,

the supervisors, are the actors. They may resort to the criminal side of the court, but they had the election to adopt the expeditious and effective remedy offered in chancery. In so doing, they have resorted to an appropriate tribunal having adequate authority to dispose of the controversy. The first, second, third and fourth assignments are therefore dismissed.

The remaining assignment relates to the objection that the court found the road in question had a uniform width of ten feet, whereas the court affirmed the eleventh request for findings of fact, which was as follows: ''The width of the passageway on the surface, as it parallels the bank and approaches the beach, is five feet in width by actual measurement.'' This request had evident reference to a short space near the margin of the lake where, by reason of the conformation of the ground and the convenience of the public the roadway was narrower than along its general course, but the finding is not inconsistent with other evidence in the case that vehicles carrying paving stones much wider than the space indicated in the request had passed over the road from the lake shore, and with evidence that the way was wide enough for the passage of loads of hay. The surveyor called by the complainants testified that the road was about ten feet in width, and in this he was corroborated by other persuasive testimony. There was evidence therefore to support a decree fixing the width at ten feet, and if we are to regard the request referred to as definitely fixing the width of the road as acquired by prescription, a review of the evidence would support a modification of that finding to conform to the weight of testimony in support of the bill.

We are not convinced there is any such contradiction or inconsistency as requires a reversal of the decree. It is therefore affirmed at the cost of the appellants.