**GENERAL ELECTRIC CO. v. SUGER-MAN'S, Inc.**

Civ. A. No. 4760.

United States District Court
M. D. Pennsylvania.

Sept. 10, 1953.

Walter L. Hill, Jr., Scranton, Pa., for plaintiff.

Z. R. Bialkowski, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action in which the General Electric Company, the plaintiff, seeks to enjoin Sugerman's Inc., the defendant, from offering for sale or selling at retail certain commodities manufactured by it at prices which are less than stipulated fair trade list retail prices established by plaintiff.

In the complaint the plaintiff demands judgment:

"(1) Temporarily restraining and preliminarily enjoining both the corporate defendant, Sugerman's, Inc., its officers, agents, employees and all persons acting under the authority or control of said defendant, from willfully and knowingly advertising, offering for sale or selling, at retail, in the Commonwealth of Pennsylvania, any of said commodities manufactured by Plaintiff, at prices which are less than the stipulated minimum retail resale prices now or hereafter established therefor by the Plaintiff, pursuant to said agreements, Exhibit 'A' hereto;"

"(2) Permanently enjoining the corporate defendant, its officers, agents, employees and all persons acting under the authority or control of said defendant from willfully and knowingly advertising, offering for sale or selling, at retail, any of said commodities manufactured by Plaintiff, at prices which are less than the stipulated minimum retail resale prices now or hereafter established therefor by Plaintiff, pursuant to said agreements."

The plaintiff moved for a preliminary injunction. The Court fixed September 9, 1953, at Scranton, as the time and place for the hearing on the application for a preliminary injunction. Hearing was duly held and the matter is now before the Court for disposition.

The evidence consists of affidavits and newspaper clippings: Affidavit by Robert C. Walton, stating inter alia that he is manager of Fair Trade Section—Small Appliance Division of the General Electric Company; Copy of Fair Trade Agreement with Hartman Electric Company. No list of fair trade prices attached; Scranton newspaper clippings showing advertisements by the defendant of commodities manufactured by plaintiff for sale at certain prices. Papers and pleadings in the case were presented to the Court but were not offered in evidence.

That which is before the Court fails to make out a clear case of necessity for a preliminary injunction at this time and otherwise irreparable injury and under such circumstances, a preliminary injunction should not issue.

It may be that legal proof at the hearing on merits, which hearing should be in the near future, of the facts alleged in the complaint and amended complaint will estab-

lish facts which will entitle the plaintiff to the relief sought.

■ A preliminary injunction is necessarily drastic in its nature and the Court should, therefore, use great care in its discretion to grant it.

In my opinion, this case presents a situation which does not require drastic action on the part of the Court in order to prevent irreparable injury.

The motion for a preliminary injunction will be denied.