## Kowalczyk v. Buyanoski (No. 2)

*J. Earl Langan*, for plaintiffs.
*Joseph V. Kasper*, for defendants.

FLANNERY, J., November 7, 1958.—This matter comes before the court on a rule to show cause why a preliminary injunction should not issue enjoining defendants from levying and collecting from the taxpayers of the Dupont Borough School District any taxes and from making any disbursements under the budget adopted by the Dupont Borough School Board for the fiscal year 1958-59.

That budget adopted July 15, 1958, provided for total expenditures of $192,313.33, which sum included a carry-over debt from prior years of $85,935.89. Budget receipts were estimated at $150,681.89.

The record also establishes that at the present time and for some years the school district has been financially distressed. Thus in April of 1958 the board applied to the Pennsylvania Department of Public Instruction for special aid. Approval of this request was received subject to various conditions imposed in connection with the budget which was to be adopted for the then approaching fiscal year. In order to obtain this special aid, the school district complied with these conditions and the budget in question was then adopted and submitted to the department for approval. On August 12, 1958, the department approved the budget and released funds in the sum of $8,000 to the school district.

In accordance with one of the suggestions of the Department of Public Instruction, the budget anticipated the levy of the full amount of taxes allowable under the law. After the adoption of the budget, these taxes were in fact levied. The tax duplicate was thereafter issued to the tax collector and notices were sent

by him to all interested parties. Collection of these taxes for the fiscal period has already commenced.

Petitioners, plaintiffs, now seek to enjoin respondents, defendants, from operating under the budget as adopted. Fraud has been neither alleged nor shown; no injury or damages to petitioners is suggested. Neither have they alleged or shown any threatened diversion or misappropriation of public funds. Nevertheless petitioners, as taxpayers, attack the budget and any appropriations and tax levies made in pursuance thereof as illegal and void under section 687 of the Public School Code of March 10, 1949, P. L. 30, art. VI, 24 PS §6-687.

Respondents, although tacitly conceding a technical violation of the provisions of the School Code, maintain that a preliminary injunction should not issue when: (1) Petitioners fail to plead facts disclosing irreparable harm and injury; (2) no practical purpose can be served by granting an injunction; and (3) petitioners seek relief which would occasion greater harm to respondents than it will benefit petitioners.

Section 687 of the Public School Code of 1949, supra, provides:

"(b) The board of school directors, after making such revisions and changes therein as appear advisable, shall adopt the budget and the necessary appropriation measures required to put it into effect. *The total amount of such budget shall not exceed the amount of funds, including the proposed annual tax levy and State appropriation, available for school purposes in that district.* Within fifteen (15) days after the adoption of the budget, the board of school directors shall file a copy of the same in the office of the Department of Public Instruction. In all school districts under the direction of a county superintendent, the county board of school directors shall inspect the annual budget and shall render such advice and assist-

ance regarding the same, as may seem proper, before the budget shall be signed and forwarded to the department by the county superintendent." (Italics supplied).

And it has been held that this provision constitutes an express prohibition of the adoption of a budget, the total amount of which exceeds the tax levy and State appropriation: Marsh v. Erhard, 354 Pa. 570.

But even conceding that the budget in question was adopted in violation of the cited provisions of the School Code, it is our opinion that other considerations militate against the granting of a preliminary injunction under the facts presented here.

A taxpayer seeking an injunction is accorded a standing in equity because he will be injured pecuniarily if municipal funds are misappropriated or diverted. It is the invasion of his pecuniary interest which is the special injury that gives him a standing to maintain a bill: Downing v. Erie City School District, 360 Pa. 29; Wolff Chemical Company v. Philadelphia, 217 Pa. 215. But there is no such invasion in the case before us.

Petitioners concede that the school district is in a financially distressed condition. Moreover they admit that even the maximum tax levy, together with other revenue, is insufficient to meet both outstanding obligations and current operating expenses. Thus petitioners cannot claim that they are being overtaxed or that expenditures will be excessive. Nor can they complain of any other actual or threatened pecuniary injury. Their only complaint is that the budget, although reflecting the real financial situation of the district, fails to conform to the statute which directs that proposed expenditures shall not exceed anticipated revenues, a requirement which could be fulfilled here by eliminating from the budget the total carry-over debt and substituting only the amount of that debt which

can be paid from current income after operating expenses are met. In our opinion this complaint is insufficient to bestow upon petitioners a standing to maintain this action.

This, of course, is not to condone any violation of law no matter how slight. Other means of redress, however, must be employed. If the acts complained of are prejudicial to the interests of a community generally, without causing some special injury to private individuals, suits to restrain those acts must be brought by the proper public officials: Glover v. Philadelphia, 304 Pa. 466; A. Wishart & Sons Co. v. Erie Railroad Co., 283 Pa. 100. And in our opinion such is required in the case before us.

We proceed then to the other consideration which supports the withholding of the preliminary injunction and this, in our view, constitutes the more compelling reason.

An injunction should not be granted where the chancellor finds that the injunction would be ineffectual and not beneficial, or where it would be of greater injury than a refusal of it: Windber Borough v. Spadafora, 356 Pa. 130; Hamilton v. Foster, 272 Pa. 95; Smith v. Rowland, 243 Pa. 306. And when the issuance of an injunction will cause serious public inconvenience or loss, without a corresponding great advantage to complainant, no injunction will be granted even though complainant would otherwise be entitled to its issuance: Stellwagon v. Pyle, 44 Del. Co. 17, affirmed 390 Pa. 17.

In the instant case an injunction, if granted, would have a drastic effect on the orderly administration of the school system in Dupont Borough. Petitioners seek to enjoin the levy and collection of all taxes in the school district as well as any disbursements under the adopted budget. And if no disbursements may be made, certainly no liabilities should be incurred. Thus

it seems probable that the granting of an injunction would necessitate the closing of the schools in the borough. At the very least their normal operation would be seriously and disastrously impaired.

Again, if the further collection of taxes is enjoined, as prayed for, great public inconvenience, confusion and disorder would be the likely result, since the collection of the taxes has already begun.

As against these harmful consequences, the record before us reveals little to be gained by the granting of an injunction. In substance it can result only in the redrafting of the budget so as to reduce the proposed expenditures to the amount of the estimated receipts, i.e., by providing specifically that only some $45,000 of the carry-over debt be paid in the current year, leaving the balance to be paid at a later date. But in our opinion the budget in its present state can be interpreted to mean just that since subtracting the minimum operating expenses from the maximum income the school district can recover, it is clear that only the balance can be used to reduce the carry-over debt.

In conclusion it should be noted that a preliminary injunction is necessarily a drastic measure, and the court must use great caution in exercising the power to grant it: General Electric Co. v. Sugerman's, Inc., 114 F. Supp. 657; Murray Hill Restaurant, Inc., v. Thirteen Twenty One Locust, Inc., 98 F. 2d 578. It should not be granted at the arbitrary will of the court, but only in the exercise of sound judicial discretion: Pennsylvania Railroad Co. v. Driscoll, 330 Pa. 97. Under the facts before us, we fear more harm than good would result should we grant petitioners' prayer. Certainly we find no such clear case as warrants preliminary restraint.

518

One other matter remains. Respondents have also raised the question of nonjoinder of a necessary party. It is their contention that the delinquent tax collector of the school district should have been joined as a necessary party to this action. We feel this position has merit. See Frushon v. Pittston Township School District, 8 D. & C. 2d 165. However, in view of our disposition of the more fundamental issues here involved, this aspect of the matter will not be considered.

Wherefore, on the foregoing basis, we enter the following:

*Order*

Now, November 7, 1958, at 9:50 a.m., the rule to show cause why an injunction should not issue as prayed for is discharged and the petition is dismissed.