# Ebling, Appellant, *v.* Borough of Schuylkill Haven.

*Equity—Practice—Equity jurisdiction—Act of June 7, 1907, P. L. 440—Hearings—Findings — Decrees — Exceptions — Argument on exceptions—Court in banc—Appeals—Assignments of error.*

1. Where the question of equity jurisdiction is raised by demurrer or in the answer, and is not withdrawn by a proper entry on the record, the chancellor should dispose of it in limine as required by the Act of June 7, 1907, P. L. 440.  If the defendant, at the argument, abandons the question of jurisdiction, the chancellor should require its counsel to withdraw so much of the demurrer or answer as denies the jurisdiction of the court.

2. Where a suit in equity· is at issue upon answer, it is to be heard and conducted in court in the same manner as an action at law wherein trial by jury has been waived.  The requests for findings of fact and law, with the answers thereto and the findings of the judge, both of law and fact, must be filed in the prothonotary's office, whereupon it is the duty of the prothonotary to "enter a decree nisi" in accordance therewith, and give notice to the parties, or their counsel.

3. If, in such case, no exceptions are filed, within ten days, the prothontary enters a final decree as of course.  If exceptions are filed, they are heard upon the argument list as upon a rule for a new trial, and the judge, or the court in banc if composed of more than one judge, may sustain or dismiss any of such exceptions, and may confirm, modify, or change the decree.

4. Upon appeal from the final decree entered, in such case, only such matters as have been excepted to, and finally passed upon by the court, are assignable for error.

5. It is not proper practice in a suit in equity for the chancellor

who hears the case to enter a decree, "By the court" concurred in by the other two members of the court who did not hear the case. The two judges who did not sit could give no opinion on the facts or law until after the case had been heard on exceptions by the judges sitting in banc.

*Boroughs—Borough streets—Grading and paving—Borough ordinances—Equity—Injunction..*

6. A bill in equity to enjoin a borough from entering into contracts for grading and paving a borough street, and from collecting assessments, and entering liens against the land under the authority of a borough ordinance, alleged that the ordinance was invalid because enacted without a petition of the property owners, that the street had been graded, macadamized, and repaired at public expense for at least fifty years previously, and that the expense of the work would increase the indebtedness of the borough above two per cent. of the assessed valuation of the taxable property therein. At the hearing the question of the validity of the ordinance was not pressed, or decided by the chancellor, and evidence was presented by the defendant sufficient to warrant the chancellor's finding that the street had not been macadamized within the meaning of the law prohibiting boroughs from again grading and paving a street partly at the expense of abutting property owners which had theretofore been graded or paved at public expense, and that the expense of such work would not increase the debt of the borough above the legal limit. *Held,* the court did not err in entering a decree dismissing the bill but permitting the plaintiffs to defend at law against any invasion of their rights in grading and paving the streets under the ordinance in question.

Argued Feb. 17, 1914. Appeal, No. 369, Jan. T., 1913, by plaintiffs, from decree of C. P. Schuylkill Co., July T., 1912, No. 1, in Equity, dismissing bill in equity for an injunction in case of John M. Ebling, Augusta Olwell, and Edward E. Weiser v. The Borough of Schuylkill Haven. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Bill in equity for an injunction. Before Bechtel, P. J.

The opinion of the Supreme Court states the facts.

The court on final hearing dismissed the bill.

*Error assigned,* among others, was the decree of the court.

*C. E. Berger,* with him *Otto E. Farquhar* and *J. H. Filbert,* for appellants.

*J. B. Reilly,* and *J. A. Noecker,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 23, 1914:
We have examined this record with care and are not convinced of any reversible error. There are irregularities in the procedure arising from the disregard by the court and counsel of the equity rules, but we will not impose additional expense on the litigants and longer delay the adjudication of their rights, as the evidence and the manner of the submission of the case warrant the final decree entered by the learned court in banc.

This was a bill filed by the plaintiffs to restrain the Borough of Schuylkill Haven from entering into contracts for grading and paving Dock street in said borough and from collecting assessments and entering liens against the land of the plaintiffs under the authority of the ordinance authorizing the improvement. The plaintiffs are residents of the borough and owners of real estate abutting on the street. The facts averred in the bill as grounds of relief are (1) that the ordinance was enacted without a petition of the property owners; (2) that the street had been graded and macadamized many years ago and had been kept up, repaired and macadamized at public expense for at least sixty years, and the pavements and curbs maintained by the property owners; and (3) that the expense of the work will increase the indebtedness of the borough above two per centum of the assessed valuation of the taxable property therein. The answer admitted the facts averred as the first and denied the facts averred as the second and third grounds of relief. The answer also averred that the

court had no jurisdiction, for want of equity, and that plaintiffs have an adequate remedy at law.

The learned president judge of the court below, sitting as chancellor, heard the case, found the facts, stated his conclusions of law, answered numerous requests of both parties for findings of fact and law, and entered a decree restraining the borough from collecting any assessment and entering any lien against the land of the plaintiffs under the authority of the ordinance providing for the improvement. The learned chancellor found that the street had been previously paved, and that, therefore, the borough could not pave it again partly at the expense of the abutting property owners. As this finding was controlling against the defendant, the other questions raised by the pleadings were not determined. Numerous exceptions to the findings of the chancellor were filed by both parties and were disposed of in an opinion and decree by the other two judges of the Common Pleas, the president judge who sat as chancellor being absent. The decree sustained the defendant's first and sixty-eighth exceptions, set aside and revoked the chancellor's decree and dismissed the bill for want of jurisdiction. Subsequently a reargument was had before the three judges sitting in banc, and a decree was entered by the court sustaining certain exceptions and dismissing the bill without prejudice to plaintiffs' right to defend at law. The chancellor who first heard the case dissented. The plaintiffs have taken this appeal.

In disposing of the exceptions to the chancellor's decree the two judges filed an opinion in which they only considered and disposed of the question of jurisdiction. In the subsequent hearing before the full bench, the parties were heard on all the questions raised by the exceptions to the chancellor's decree and his findings of fact and law, and the majority of the court filed an exhaustive opinion in which they dealt with both the merits of the case and the question of jurisdiction. The decree entered by the court permits the plaintiffs to assert their

rights at law in any proceeding by the borough to pave and grade Dock street in pursuance of the ordinance.

The question of the jurisdiction of his court having been raised by the answer, the Act of June 7, 1907, P. L. 440, required the learned chancellor to decide the issue in limine. This was not done, the chancellor in his opinion stating as a reason that the point had not been argued and was not pressed at any time during the hearing of the case. He was evidently misled as to the defendant borough's intention to question the jurisdiction, as it filed an exception to the decree alleging the chancellor had erred in not dismissing the bill for want of jurisdiction. Where the question of jurisdiction is raised by demurrer or in the answer, and it is not withdrawn by a proper entry on the record, the chancellor should dispose of it as required by the act. In the present case if the defendant borough did not insist on the decision of the question of jurisdiction, the learned chancellor should have required its counsel to formally withdraw that paragraph of the answer denying the jurisdiction of the court. This would have prevented the misunderstanding between the judge and counsel, and also prevented counsel from again raising the question by exceptions to the chancellor's decree. As a matter of practice, the record should disclose the withdrawal of the objections to the jurisdiction when the question has been raised by a demurrer or answer.

It was conceded that the ordinance was enacted without a petition of the property owners, but the defendant claimed that this was authorized by the Act of May 12, 1911, P. L. 288. The plaintiffs' contention is that this act was repealed by the Act of June 13, 1911, P. L. 887, and hence the ordinance was defective unless supported by a petition of the owners. The court in banc understood the question to have been abandoned and did not consider it, the court saying in its opinion: "The first ground was not pressed by the plaintiffs and was not considered." This seems to be denied by the appellants,

but the briefs of both parties sustain the court. The appellees say: "The validity of the ordinance was entirely a legal question and was abandoned by the appellants during the course of the trial." It is true that the plaintiffs in their thirteenth request for findings of law requested the chancellor to find that the earlier was repealed by the later statute, but the request was not answered, and of course was not before the court in banc. In their printed brief the plaintiffs say that if the chancellor in handing down his decision had not stated that his colleagues concurred in his findings, "the plaintiffs would have insisted on a disposition of the question raised by the thirteenth request for findings of law." We, therefore, cannot convict the learned court below of error for not considering and deciding the question, and it must be considered out of the case.

By the tenth paragraph of their bill, the plaintiffs allege that if the contract authorized by the ordinance is let by the defendant borough the indebtedness of the borough will be increased above the constitutional limit. This is the third question which the court below considered and ruled against plaintiffs on the facts. In its opinion the court says: "The plaintiffs presented no conclusive evidence on the third ground (for relief), and the evidence on the part of the defendant shows clearly that the indebtedness of the borough will not be increased above two per centum of the asssessed valuation of all taxable property in the borough." The evidence warrants this finding of fact, and therefore we cannot reverse it.

Of the other and second ground on which the plaintiffs rest their right to relief, to wit: the street was graded and macadamized many years ago and has been kept up, repaired and macadamized at public expense for at least sixty years and the pavements and curbs maintained by the property owners, the learned court says: "The second ground is the only one left for consideration, and it was the only one urged by the plaintiffs and rests en-

tirely upon the facts in the case." The court then reviews at great length the evidence submitted on this question, and concludes against the contention of the plaintiffs that Dock street had hitherto been paved or macadamized within the meaning of the law which prohibits the borough from again grading and paving a street partly at the expense of the abutting property owners. We have examined the evidence and think it sustains the court's conclusion. At least, it is sufficient to support the court's findings, and under the well settled rule, this court, though it might have found differently, will not reverse.

The court in banc having found the facts against the plaintiffs on the controlling questions in the case might have entered a decree finally disposing of the issues raised by the pleadings. This is authorized by the Act of 1907 where the question of jurisdiction has not been decided against the plaintiff in limine. The facts found by the court did not warrant the relief prayed for in the bill. The decree, however, fully protects the plaintiffs by permitting them to defend at law against any invasion of their rights in grading and paving the streets under the ordinance in question.

The irregular procedure in the court below in this case requires us to direct attention to the proper practice in such cases. The record here is burdened with unnecessary exceptions and the procedure is at variance with the plain words of the act of assembly which, no doubt, is attributable in great part to a disregard of the rules of equity practice, and the failure to observe a distinction in such cases between the duties of a judge, sitting as chancellor, and the court sitting in banc. The chancellor filed an opinion and entered a decree "By the Court," instead of filing his findings and by a proper order directing the prothonotary to enter a decree nisi in accordance with the findings. The court in banc and counsel dealt with the first decree as if made "By the Court." The printed record discloses the findings of fact and law

"made by the chancellor, joined in by the court" which, in itself, is unintelligible, but, as explained in appellant's brief, means that the learned chancellor in handing down his opinion stated that his colleagues concurred in his findings. The two nonsitting judges had not heard the case, and could give no opinion on the facts or law until after it was heard on exceptions by the judges sitting in banc. The decree thereafter entered is the decree of the court. Schuylkill County is a separate judicial district and has "three judges learned in the law in the Common Pleas." The three judges constitute one court and not three courts, and appeals lie to the proper appellate court from the judgment or decrees, not of the judge, but of the court. The equity rules provide that the hearing of cases in equity shall be conducted before the judge, sitting as chancellor. When a case is at issue upon answer, it is to be heard and conducted in court in the same manner as an action at law wherein trial by jury has been waived. The requests for findings of fact and law with the answers thereto, and the findings of the judge, both of law and fact, must be filed in the prothonotary's office, whereupon the "prothonotary shall enter a decree nisi in accordance therewith, and give notice to the parties or their counsel." If no exceptions are filed within ten days, the prothonotary enters a final decree as of course. If exceptions are filed, they are heard upon the argument list as upon a rule for a new trial, and the judge (if alone composing the court) or the court (if composed of more than one judge) in banc may sustain or dismiss any of such exceptions and confirm, modify or change the decree; and upon appeal such matters only as have been so excepted to and finally passed upon by the court are assignable for error. This is the orderly mode of procedure in such cases required by the equity rules and should have been followed in disposing of the present case. We had occasion to call attention to the proper practice in equity cases in Myers v. Consumers' Coal Company, 212 Pa. 193, 200.

The decree is affirmed.