Glover et ux., Appellants, *v.* Philadelphia et al.

Argued May 27, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Ralph B. Umstead,* of *Umstead & Wolfe,* for appellants.—Voting machines did not comply with the specifications.

The relief prayed for should have been granted: Carney v. Penn Oil Co., 291 Pa. 371; Gray v. Coal Co., 286 Pa. 11; McGowin v. Remington, 12 Pa. 56.

*Robert T. McCracken,* of *Montgomery & McCracken,* and *William T. Connor,* with them *Philip C. Pendleton, Lucien B. Carpenter* and *Robert H. Jackson,* for appellees.—Since the machines supplied to County of Philadelphia now comply with the Act of April 18, 1929, P. L. 549, and the specifications attached to the contract, no loss can result to the taxpayers by reason of the payment of the purchase price of said machines and they are not entitled to an injunction: Page v. King, 285 Pa. 153; Andrews v. Phila., 235 Pa. 125.

The approval of these machines by the secretary of the Commonwealth and by the county commissioners was a proper exercise of their discretionary powers which will not be reviewed by a court of equity: Potts v. Phila., 195 Pa. 619; Findley v. Pitts., 82 Pa. 351; Straw v. Williamsport, 286 Pa. 41; Roth v. Marshall, 158 Pa. 272.

It is respectfully submitted that the county is a quasi-corporation and its corporate powers are to be exercised by the county commissioners: Keator v. County, 292 Pa. 269; McKean Co. v. Young, 11 Pa. Superior Ct. 481; Garr v. Fuls, 286 Pa. 137; Sharon v. Erie City, 41 Pa. 341; County Bridge, 13 Pa. Dist. Rep. 67; Andrews v. Phila., 235 Pa. 125.

468

OPINION BY MR. JUSTICE WALLING, June 27, 1931:

Pursuant to a vote of the electors of Philadelphia County, as provided by the Act of April 18, 1929, P. L. 549, the county commisisoners took steps to install voting machines in various election districts of the county. They advertised for bids, exhibited specifications as the act provides and in August, 1930, awarded the contract to the Automatic Voting Machine Corporation (herein called the corporation), of Jamestown, New York, for five hundred voting machines; this corporation being the lowest and best bidder. The machines were accordingly delivered in Philadelphia before October 1, 1930, that being the specified time. On the date just mentioned the plaintiffs, John W. Glover and Alice A. Glover, his wife, taxpayers of the county, filed the bill in this case, setting out manifold alleged defects in the voting machines so furnished and praying, inter alia, for an injunction to restrain the county commissioners from carrying out the contract, accepting, or paying for the voting machines, or installing them in the voting precincts of the county. The corporation was permitted to intervene as a defendant, answers were filed and testimony taken before the president judge, as chancellor.

It appears that the machines as delivered contained some defects and did not in all respects comply with the specifications. These defects, however, were promptly remedied by the corporation, at its own expense, before the final hearing on December 20, 1930. The main complaint was that the machines, as furnished, did not insure a secret ballot or safeguard the integrity of the election and that their use would be illegal. But at the final hearing a demonstration of the machines, with the defects remedied as above stated, was had before the chancellor, from which and the testimony submitted he found that the machines as then equipped complied in all respects with the contract and specifications and with the statute and general election laws of the Commonwealth, with ample safeguards against fraud or mis-

take. At the final hearing the county commissioners, through their solicitor, expressed their approval of the voting machines, the defects therein having been remedied as above stated. Where the defects complained of are corrected pending the litigation the injunction will be dissolved: Lowry v. Forest City Boro., 39 Pa. Superior Ct. 276.

The machines as delivered had been approved by the secretary of the Commonwealth, as required by clause (a) of section 6 of the above cited act (page 554) and by the board of examiners as provided in clause (b) of that section, and, as remedying the defects added to the machine's accuracy and efficiency, it did not require further approval. See clause (d) of the section (page 555).

The chancellor on ample evidence found the facts in favor of the defendants and upon a full discussion of the entire case concluded as matter of law that the bill should be dismissed and entered a decree nisi accordingly. No exceptions being filed thereto, a final decree was entered in due course and plaintiffs have appealed.

The sole statement of question involved is: "When the specifications of county commissioners call for delivery of voting machines fully equipped and with lockout devices on a certain date are those specifications complied with when on that date the machines delivered did not contain lockout devices, even though they may have been subsequently appended?" This and the final decree are the only matters called to our attention in the assignments of error, and neither has merit. The chancellor properly declined to consider the fact that the county commissioners permitted the corporation to remedy certain defects in the machines after the time specified for their delivery, because no such complaint was made in the pleadings. It is fundamental that a decree in equity must conform to the pleadings as well as the proofs: Reilly v. Magee, 272 Pa. 406; Eddy v. Ashley Boro., 281 Pa. 4. "Neither unproved allegations nor

proofs of matters not alleged can be made a basis for equitable relief": Luther v. Luther, 216 Pa. 1. Furthermore, that was a matter as to which the plaintiffs had no standing to complain. A taxpayer can be heard only as to matters that injuriously affect him. As the defects were remedied by the corporation at its own expense, it made no difference to plaintiffs whether the machines were completed in October or sixty days later. Again, giving the corporation an opportunity to correct the defects was a matter within the discretion of the county commissioners, as to which a taxpayer had no standing to complain. It would be shocking to permit a taxpayer to strike down an important public contract because some defect in the work was remedied after the time for performance had expired. In principle the right to do so is ruled adversely to plaintiffs in Anders v. Phila., 235 Pa. 125, 140, where Mr. Justice STEWART, speaking for the court, said: "If it were within the power of taxpayers in all cases wherein it might be claimed that a contractor had failed to comply with the provisions of his contract, to come into court and cause the matter to be investigated, and, in case of default of performance, to require the contractor to render such an account as is called for in this case, the affairs of the city would be thrown into endless confusion, and the proper functions of the municipal officers would, to a large degree, be devolved upon and assumed by the courts. We regard the municipal authorities as the repository of all the power that is needed to deal with such questions, as a general rule." See also Roth v. Marshall et al., 158 Pa. 272.

There is no suggestion that when the contract was awarded there was an understanding that the corporation would be given extra time for performance, or that the bidders for the job did not have a common standard. So the rule requiring such, as stated in Guthrie v. Armstrong et al., 303 Pa. 11, has no application. The record contains no averment or proof of bad faith.

The chancellor's findings are to the effect that the statutory requirements are all covered by the specifications and contract and that the machines as delivered, with the defects remedied, are a full compliance therewith and effective for their intended use. The decree dismissing plaintiffs' bill logically followed. Moreover, we are concluded by the findings, as they were challenged neither in the lower court nor here: Himrod v. McFayden, 283 Pa. 103; Ebling v. Schuylkill Haven Boro., 244 Pa. 505.

The decree is affirmed and the appeal is dismissed at the cost of appellants.