## Commonwealth of Pennsylvania *v.* O'Brien,
## Appellant.

Argued December 15, 1932.

Before Trexler, P. J., Keller, Gaw-
throp, Cunningham, Baldrige, Stadtfeld and Parker,
JJ.

*Charles Edwin Fox* of *Fox, Rothschild, O'Brien and Frankel,* and with him *Caldwell, Fox and Stoner,* for appellant, cited: Bennett v. Sullivan County, 29 Pa. Superior Ct. 120; State v. Boyer, 85 Fed. 425; State v. Butler, 178 Mo. 272; State v. Adcox, 278 S.W. 990.

*Carl B. Shelley,* Assistant District Attorney, and with him *Karl E. Richards,* District Attorney, for appellee. An accused cannot raise the question of the constitutionality of a statute which is not the basis of the prosecution against him. State of Louisiana v. Bryan C. McClellan, 155 La. 37.

Opinion by Keller, J., January 25, 1933:

The indictment charged the defendant with having violated section 48 of the Criminal Code, (March 31, 1860, P. L. 382), in that he did unlawfully, knowingly, wilfully and maliciously offer and make a promise to give one Richard J. Beamish, who was then and there an officer of the Commonwealth of Pennsylvania, to wit, Secretary of the Commonwealth, the sum of twenty thousand dollars, in order then and there to obtain and influence the opinion, award and behavior of the said Richard J. Beamish, as Secretary of the Commonwealth aforesaid, in a certain matter and thing then and there depending before him, to wit, in awarding a contract for the purchase of voting machines to be used in the City of Philadelphia, etc. The jury rendered a verdict, "We find the defendant guilty of an attempt to bribe," upon which the court passed sentence, applying the provision of section 50 of the Criminal Procedure Act of March 31, 1860, P. L. 427. The court might have received and moulded the verdict so as to read, "We find the defendant guilty in manner and form as he stands indicted," and entered it in that form,—for that was its substance. The verdict was due to a misconception of the trial judge, made evident in the charge, that the defendant could not be found guilty in manner and form as he stood indicted, unless the money offered or promised was paid by the defendant to Beamish, which was not charged and of course not proved; but that he might be found guilty of an attempt to commit bribery, under section 50 of the Criminal Procedure Act aforesaid, if they believed the testimony concerning it. The trial judge apparently overlooked the fact that section 48 aforesaid made it a misdemeanor either to give any money, etc., in order to obtain or influence the opinion, award or behavior of any officer of this Commonwealth, or *to offer to give* or *make any promise,* contract or agreement for the payment, etc., of any money or other

bribe to influence the behavior, etc., of any such officer. Therefore, an attempt to bribe such an officer was expressly within the wording of the 48th section of the Criminal Code, and it needed no resort to section 50 of the Criminal Procedure Act to sustain a conviction. The indictment did not charge that the defendant had bribed Mr. Beamish, but only that he had offered, that is, attempted to bribe him. Our construction of section 48 is borne out by the reference to it in the Report on the Penal Code, p. 20, as follows: "This section is an amendment and extension of the Act of March 3, 1847, P. L. 217, and the 161st section of the Act of April 14, 1834, P. L. 369. A distinction, however, has been made between the party *offering or attempting to bribe* any public functionary mentioned in the act, and the public functionary receiving or agreeing to receive such bribe [which was given a heavier penalty by the same section]; the breach of his official oath and the betrayal of his public trust in such public functionary, rendering his crime of much deeper malignity and worthy of more marked and severe punishment." See 1 Stewart's Purdon's Digest, p. 912, note (o); Purdon's Pa. Statutes, Title 18, p. 5, historical note; Com. v. Cameron, 42 Pa. Superior Ct. 347, 359.

While the court below should have moulded the verdict so as to read, "We find the defendant guilty in manner and form as he stands indicted", which was its real substance, the defendant was not harmed by entering it in the form in which it was rendered, as if it were a finding that the defendant was guilty of an attempt to commit the misdemeanor charged in the indictment, and it furnishes no ground for reversal and the ordering of a new trial.

In his charge to the jury the trial judge, instead of using the exact words alleged to have been employed by the defendant, gave his own interpretation of their meaning. Mr. Beamish had testified that the defendant had said to him, "There will be $20,000 in it for

you if the Shoup Company get the award." In charging the jury, the trial judge paraphrased Mr. Beamish's testimony so as to read: "that he [the defendant] said he would give him twenty thousand dollars; or the Shoup Company would give him twenty thousand dollars, if he would award the contract to that company." In cases of this kind dealing with words capable of diverse shades of meaning, it is preferable that the judge in charging the jury use the exact words alleged to have been employed by the defendant, and not his—that is, the judge's—interpretation of their meaning. The jury are to make their own interpretation of the words used and may be led to give a different meaning to them than they otherwise would, based on the language used by the judge. But the difference between the words used by Mr. Beamish and the trial judge's interpretation of those words is not, in our opinion, sufficient to require a new trial, especially in view of the fact that the defendant took no exception to it, and it was not assigned as error.

We find no merit in the other matters urged upon us by the appellant.

(1) Appellant contends that the prosecution was wrongly brought under section 48 of the Criminal Code; that he should have been indicted under section 1 of the Act of April 29, 1874, P. L. 115, for 'corrupt solicitation'. While the Act of April 29, 1874 does cover an attempt to bribe the public officers named therein, (Com. v. Richardson, 229 Pa. 609, 79 Atl. 222, affirming 42 Pa. Superior Ct. 337), it does not repeal, either expressly or by implication, the 48th section of the Criminal Code. The Act of 1874 was passed to carry into effect section 31 of Art. III of the Constitution of 1873; it applies to an attempt to bribe the public officers named in it, (Com. v. Richardson, supra; Com. v. Petroff, 2 Pearson 534, 8 W. N. C. 212), but it does not displace or supersede the 48th section of the Criminal Code, for their subject matter is not identical.

The Act of 1860 includes the actual *giving* and the *taking* of a bribe as well as the *offer* or *promise* to give one; the Act of 1874 does not. The Act of 1860 is limited to influencing the conduct of public officers by the giving or offer or promise to give any money, goods, present or reward, while the Act of 1874 includes also corrupt solicitation by threats or intimidation. The Act of 1874 includes county, municipal, (See also Act of May 23, 1874, P. L. 230; Com. v. Cameron, supra), and election officers, while the Act of 1860 embraces jurors, referees and arbitrators. The fact that the two acts may in some particulars overlap each other does not effect a repeal or supersedure of any part of the earlier act. There are many instances, in the statutes, of offences for which the perpetrator may be indicted under more than one act of assembly, leaving the choice to the district attorney as to which one he shall use. See Egan v. U. S., 287 Fed. 958. We find nothing in the Act of 1874 which shows an intention to repeal, or supersede, section 48 of the Criminal Code.

(2) Nor can the distinction be validly made, as claimed by appellant, that the Act of 1860 (sec. 48) is limited to cases where the attempting briber gives, or offers or promises to give his own money; while under the Act of 1874 he offers or promises to give money belonging to another. Under either statute he may offer or promise to give either his own money or that of a principal for whom he is acting. Neither statute limits or restricts the proposed bribe to money of the attempting briber or of other persons. The crime is the same no matter whose money the one doing it offers or promises to give by way of bribe. See Com. v. Swift, 44 Pa. Superior Ct. 546, 549; Com. v. Cameron, supra.

(3) We are not called upon to decide the validity or constitutionality of the Act of Assembly under which the Secretary of the Commonwealth was acting or pro-

ceeding relative to the awarding by him of contracts for the purchase of voting machines (Act of April 18, 1929, P. L. 549, as amended by Act of June 23, 1931, P. L. 1185). See Glover v. Phila., 304 Pa. 466, 155 Atl. 862; Guthrie v. Armstrong, 303 Pa. 11, 154 Atl. 33. While it is true that a defendant cannot be convicted of violating an unconstitutional statute, the charge this defendant was being tried for was a violation of section 48 of the Act of 1860, which is constitutional, not the Act of 1929 or 1931. When the indictment charged that the defendant had done certain things "contrary to the form of the Act of the General Assembly in such case made and provided and against the peace and dignity of the Commonwealth of Pennsylvania," it referred to violation of the Act of Assembly making it a misdemeanor to offer or promise to give a bribe, not the statutes dealing with the award of contracts for voting machines. If a public officer is engaged in and about some matter pending before him committed to him by virtue of an act of assembly, any attempt to bribe him, any offer or promise of money to influence his behavior in that matter is a misdemeanor irrespective of whether the law committing the matter to him is constitutional or not. It is just as great a crime to bribe or offer to bribe a member of the legislature to vote for or against an unconstitutional measure as it is corruptly to influence him to vote for or against a constitutional one. It is just as much a violation of law to bribe or offer to bribe a judge who is construing an unconstitutional law as it is to influence or attempt to influence him when construing a valid and legal law. The offense is in the bribing or attempting to bribe the public officer, and it is not affected by the constitutionality of the act or matter which the public officer is doing at the time.

We are aware that there is respectable authority in other jurisdictions tending to support the appellant's contention. See U. S. v. Boyer, 85 Fed. 425; U. S. v.

Van Wert, 195 Fed. 974; State v. Butler, 178 Mo. 272, 77 S. W. 560; Taylor v. State, 156 S. E. 623 (Ga.). We have examined all the cases cited by him, and others referred to therein, not on his brief. In some of them the facts were wholly unlike this case; in Taylor v. State, supra, the matter, for which the alleged bribe was received, was entirely outside the defendant's official duties. Where they were similar, we are not persuaded by their reasoning. We think the correct rule of law is well stated in State v. Ellis, 33 N. J. Law 103, 105. In that case the defendant was indicted for attempting to bribe a member of city council to vote in favor of a measure pending in that body. The court said: "It is contended in the next place, that the facts set forth in the indictment constitute no offense, inasmuch as the common council had not jurisdiction to grant the application for which the vote was sought to be bought. In my opinion it is entirely immaterial whether council had or had not jurisdiction over the subject matter of the application. If the application was, in point of fact, made, an attempt to procure votes for it by bribery was criminal. The offense is complete when an offer of reward is made to influence the vote or action of the official. It need not be averred, that the vote, if procured, would have produced the desired result, nor that the official, or the body of which he is a member, had authority by law to do the thing sought to be accomplished......The gist of the offence is said to be the tendency of the bribe to pervert justice in any of the governmental departments, executive, legislative or judicial. 2 Bishop's Criminal Law, sec. 96". See also People v. McGarry, 99 N. W. 147, 148 (Mich.); Glover v. State, 109 Ind. 391, 10 N. E. 282, 284; State v. Gardner, 42 N. E. 999 (Ohio).

The evil aimed at by the statute in question is the attempt to corrupt, as well as the corruption of, public officials in the conduct of their office. This strikes at

the very foundation of government. When a public official, such as the Secretary of the Commonwealth, is corruptly approached and an attempt is made, by an offer or promise of reward, to influence his conduct in a matter pending before him in his official capacity, which has been committed to him by an act of assembly, as was the case here, the evil against the government is the same whether the act of assembly, which imposed those duties upon him, is afterwards sustained or declared unconstitutional by the courts; and if the bribe had been accepted his act would have been equally corrupt, and he would have been equally guilty of a violation of the Act of 1860 (sec. 48), whether the Supreme Court subsequently sustained the Act of 1929 or set it aside as unconstitutional. Suppose, for example, that the General Assembly should impose upon judges a duty wholly unrelated to the judiciary, such as granting licenses in matters never before committed to them, and the Supreme Court should declare the act unconstitutional, would it be contended, if in the meantime, between the passage of the act and its setting aside, some one should give a bribe to a judge to influence his conduct in the granting of such a license and he should accept it, that the wrong done the Commonwealth was not as great as if the act were constitutional, and that either or both, the giver and the taker of the bribe, would not be guilty of a violation of section 48 of the Act of 1860? Our Supreme Court has frequently ruled that a defendant who has been tried and convicted before a judge, holding his office de facto, cannot be heard to complain that he was not a judge de jure: Coyle v. Com., 104 Pa. 117; Campbell v. Com., 96 Pa. 344; Clark v. Com., 29 Pa. 129. The principle is much the same.

(4) We think the evidence of what Mr. Beamish said immediately after the attempt to bribe him was made, to those about him, and in the hearing of the defendant, was properly received in evidence. It was

part of the res gestae, the natural reaction of an honest official to the corrupt attempt to influence his official conduct, (Com. v. Gardner, 282 Pa. 458, 128 Atl. 87; Com. v. Stallone, 281 Pa. 41, 126 Atl. 56; Com. v. Van Horn, 188 Pa. 143, 41 Atl. 469); and it was also admissible as showing the failure of the defendant, if the jury believed that he heard the accusation, to deny it and assert his innocence: Com. v. Aston, 227 Pa. 112, 75 Atl. 1019; Com. v. Detweiler, 229 Pa 304, 78 Atl. 271.

The assignments of error are all overruled. The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.