## Reinhart v. MacGuffie et al.

*William H. Gerlach*, for plaintiff; *R. L. Coughlin*, for defendants.

JONES, J., May 12, 1933.—The exceptions to the decree nisi involve the following propositions:

(a) The constitutionality of the Act of June 9, 1931, P. L. 401.

(b) That section 18 of the Act of June 9, 1931, P. L. 401, adding section 493 to The General County Law of 1929, is in conflict with article IX, section 7, of the Constitution; it does not authorize the county to enter into the agreement in the bill; and

(c) Whether the payment of any money thereunder is an appropriation of public funds for private benefit.

No good purpose can be served in repeating what has already been said by the court in its adjudication.

For the first time it is claimed that the agreement constitutes a joint operation of an airport by the county and city and that section 18 of the Act of 1931, supra, does not authorize such an agreement but an appropriation of moneys to assist the city to acquire and establish a landing field. This contention is not raised in the pleadings.

"It is fundamental that a decree in equity must conform to the pleadings as well as the proofs. . . . 'Neither unproved allegations nor proofs of matters not alleged can be made a basis for equitable relief' ": Glover et ux. v. Philadelphia et al., 304 Pa. 466.

The relief prayed for is an injunction to restrain the county commissioners from issuing any warrant or voucher in favor of the city, the county controller from attesting or countersigning the same, and all defendants from issuing and countersigning any obligations under the agreement in favor of the city, the board of management of the aviation field, or any other person or body corporate.

The prayer is based upon the single allegation in the bill that the issuing of such warrant or voucher is illegal, void and in contravention of article IX, section 7, of the Constitution, prohibiting the General Assembly from authorizing any county, city, borough, township, or incorporated district to appropriate money for, or to loan its credit to, any corporation, association, institution, or individual.

Plaintiff's bill involves the single question whether the money agreed to be paid under the agreement was in violation of the above article and section of the Constitution.

The answer admits the execution of the agreement and an intention to pay

money thereunder, alleges authority in the county under the Act of June 9, 1931, P. L. 401, sec. 18, and denies that the money to be paid was for the credit and convenience, or private benefit, of the individuals or persons named in the bill.

Both parties by their pleadings and in their proofs made a case involving the constitutionality of the Act of June 9, 1931, P. L. 401, and whether payments pursuant to the agreement were for the use and benefit of private individuals.

The city leased the land from Mr. Garrahan for an aviation landing field, and the county agreed to appropriate moneys to assist the city and jointly agreed to maintain and operate the same, the city to pay one third and the county two thirds of the total expense, not to exceed $18,000, and to place the management in charge of a board of management consisting of a member of the city council, a member of the board of county commissioners, and a third chosen by the two thus designated.

The county has the right and authority to use land within the county now owned by it for similar purposes, and where it owns no land suitable for such purpose may appropriate moneys under section 493, supra, to assist any city in establishing and maintaining the same. The power to appropriate county funds would necessarily authorize the county to see that the money appropriated was being properly expended. Such is the purpose of the agreement. The county has taken the precaution that the money appropriated will be properly expended for the purpose for which it was appropriated, and the board of management set up in the agreement protects both municipalities.

In Wentz v. Philadelphia et al., 301 Pa. 261, it was settled that the development of an airport is a public function and that a municipal corporation may legitimately engage in it under authority from the legislature.

The county contends that the legislature, under the Act of June 9, 1931, P. L. 401, sec. 18, has given counties such authority. Plaintiff claims that the act is unconstitutional because there is nothing in the title of the statute showing a purpose to authorize counties to engage in such business.

The act is an amendment to The General County Law of May 2, 1929, P. L. 1278. The maintenance and establishment of airports having been declared a public function, its title was notice to all persons that it covered legislation affecting counties and satisfies the constitutional requirements, and we again resolve this question in favor of the constitutionality of the act.

The constitutionality of the Act of June 23, 1931, P. L. 932, known as The Third Class City Law, is not involved in these pleadings, since the city is not a party defendant, and it is therefore a moot question.

The contention that, under the agreement, the city was supplying money to the credit of the airport corporation and certain individuals, and therefore in conflict with article IX, section 7, of the Constitution, involved a question of fact fully discussed in our adjudication. The charge was not sustained by the testimony, but we did find that the mechanic employed by the board of management was also privately employed and payments made for his service were paid to the airport corporation, and while the amount was nominal we condemned the practice and directed its discontinuance and suggested that some rules and regulations should be prepared governing the service of employes under the agreement; and since the adjudication we have been assured by defendants that such practice has been already discontinued and rules and regulations for conducting the field adopted.

We repeat what was said in Wentz v. Philadelphia et al., supra, that possession of an airport by the modern city is essential if it desires opportunities for increased prosperity to be secured through air commerce.

This agreement is for 1 year from June 9, 1932, with the option of renewing for 2 additional years, and, for the reasons stated in our adjudication and herein, we decide that the county had the right and authority to appropriate county moneys to assist the City of Wilkes-Barre in maintaining and operating an aviation field, and the exceptions are, therefore, dismissed and the decree nisi is made a final decree.

Application for a preliminary injunction is denied.

From Frank P. Slattery, Wilkes-Barre, Pa.