ROYSE INDEPENDENT SCHOOL DIST. et al. v. REINHARDT et al.

(Court of Civil Appeals of Texas. Dallas. July 2, 1913. Rehearing Denied Oct. 11, 1913.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 55*)—BOARD OF EDUCATION—POWER OF BOARD.

A board of education is a creature of statute, and has only such powers as are conferred upon it and such implied powers as are necessary to execute the express powers.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 137, 138; Dec. Dig. § 55.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 65*)—POWERS OF INDEPENDENT SCHOOL DISTRICTS.

An independent school district, which is a quasi public corporation with its administrative powers vested in a board of trustees, who are given exclusive management and control of the school property, may permit property which is not needed for school purposes to be used for private purposes which do not conflict with its use as school property.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 162–167; Dec. Dig. § 65.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 65*)—INDEPENDENT SCHOOL DISTRICTS—POWER.

Where an independent school district permitted a part of the school grounds to be used during vacation as a baseball field, in consideration of the ball club erecting and maintaining a fence around the grounds, such use was not unauthorized; there being no interference with or injury to the school property, and the contract being for the benefit of the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 162–167; Dec. Dig. § 65.*]

4. NUISANCE (§ 3*) — PRIVATE NUISANCE — WHAT CONSTITUTES.

An ordinary game of baseball is not a nuisance per se, and the conducting of baseball games will not be enjoined because of the shouts and noises incident to the game, although an injunction may be granted where the game is conducted in an indecent and disorderly manner.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 4, 5, 9–25; Dec. Dig. § 3.*]

Appeal from District Court, Rockwall County; Kenneth Foree, Judge.

Suit by M. E. Reinhardt and others against the Royse Independent School District and others. From a judgment granting a temporary injunction, defendants appeal. Reversed, and injunction dissolved.

T. B. Ridgell, of Rockwall, and A. H. Mount, of Royse, for appellants. E. D. Foree and H. M. Wade, both of Rockwall, for appellees.

RAINEY, C. J. This is an appeal from a temporary restraining order or injunction, granted by the district judge of the Fourteenth judicial district of Texas in chambers on June 21, 1913, at the suit of M. E. Reinhardt and others against the trustees of the Royse independent school district of Rockwall county and the members of the Royse Booster Club, restraining the trustees of said school district and the members of said club from performing a contract between said trustees and the members of said club, by the terms of which the said trustees granted to said club the privilege of using the south end of the public school campus as a ball grounds during the period intervening between the close of school in the spring and the commencement of school in the fall, and for a term of three years, in consideration that such Booster Club erect a fence inclosing the entire campus and public school grounds, and to maintain the same for three years, the fence to be the property of the public school, and the expense of erecting and maintaining the same to be borne entirely by said Booster Club. The said contract provides that the members of said club shall not make use of the privilege therein granted so as to impair any of the property or grounds belonging to the school district, or in any manner to interfere with or injure the public school or its interests; that said club and its members shall prevent gambling, intoxication, or the drinking of intoxicating liquors, swearing, vulgar or profane language, or other conduct calculated to provoke a breach of the peace, or to annoy or molest the citizens residing adjacent to such grounds during the time that such grounds are under their control. The contract further stipulates that the fence to be erected is to be kept in repair by the club during the existence of the privilege granted; that the Royse Booster Club shall execute a bond for the faithful performance of the contract; and that a violation of any of its restrictions or provisions shall terminate the contract.

The plaintiffs' bill charges in substance that the effect of the contract in question is to lease the school grounds therein mentioned to be used for public baseball playing for the amusement of the general public, and for which a fee will be charged, and at which will be gathered all the rough and rowdy element of the surrounding country, making a noisy and troublesome aggregation hard to control, and which by yells and shrieks will disturb the inhabitants residing near the school grounds; that defendants have already permitted baseball games to be played upon said grounds for which an admission fee was charged, and that games have been conducted in noisy and boisterous manner, and the crowds attending same have conducted themselves in a rowdy and obnoxious manner to plaintiffs and others; that they have engaged at all of said games in yelling, shrieking, and other loud and vociferous noises annoying and discomforting to plaintiffs and their families, forcing them to leave their homes to prevent hearing said obnoxious yells and shrieks and noises; that said grounds are dedicated to the use of the public for school purposes only, and

that the incorporation of the territory into an independent school district for school purposes precludes the said trustees from turning the same into a public baseball park; that such use of said grounds will greatly endanger the safety of the school building, and will be a nuisance to every home situated near said grounds, when a ball game is in progress; that the act of said trustees in so leasing said grounds is void, because the law does not give to such a corporate body as an independent school district authority to use, much less to rent, public school property for any other than educational purposes.

Plaintiffs prayed for an injunction restraining the defendants from doing the things complained of, and that upon final hearing the lease contract be canceled, and that R. Z. Dyer, president of the board of trustees, be removed. Notice having been served on defendants, they appeared, and a hearing was had June 21, 1913, and the temporary injunction granted and issued as above stated. The learned judge before whom the hearing was had found that the contract as alleged by plaintiffs had been entered into, and that the grounds therein leased have on them a large and commodious school building, which is used and set apart to be used for school purposes only; that the playing of public baseball on the school grounds by the Royse Booster Club and others operating under the authority of the lease has greatly disturbed the peace and quiet of the homes of the plaintiffs and others near said school; and that it is in fact a nuisance. As a matter of law, it was concluded that the trustees of the school district had no authority to make the contract in question, and, as the exercise of the rights under it would create a nuisance, the contract should be declared invalid, and the use of the grounds for baseball purposes enjoined.

[1] We are of the opinion these conclusions are not justified by the law and the facts. It is true, since a board of education is the creature of statute, that it has only such powers as are conferred upon it and such implied powers as are necessary to execute such express powers.

[2] An independent school district, such as appellant, is a quasi corporation under the laws of this state, with its administrative powers vested in a board of trustees. This board of trustees, by the statute under which the school district is organized, is given exclusive power of management, regulation, and control of the schools and school property of the corporation. The powers thus conferred seem to be analogous to the powers granted to a city council of an incorporated city or town over the public property of such city or town. It has been held that a municipal corporation, having erected a building in good faith for municipal purposes, has the right when such building is no longer used by the municipality, or when parts of it are not used for public use, or when at intervals the whole building is not so used, and when it does not interfere with its public use, to permit it to be used either gratuitously or for a compensation for private purposes. This rule has also been applied to cases concerning the use of school buildings, a noticeable example of which is found in Gottlieb-Knabe v. Macklin, 109 Md. 429, 71 Atl. 949, 31 L. R. A. (N. S.) 580, 16 Ann. Cas. 1092. See, also, Bates v. Bassett, 60 Vt. 531, 15 Atl. 200, 1 L. R. A. 166; Lowry v. Forest City, 39 Pa. Super. Ct. 276.

[3] But, if it may be said that the powers of a school district are ordinarily more restricted than those of cities, and that school property over which municipal corporations have control might be used for a purpose which would be unauthorized if such use was attempted by a school district, the answer here is that the Royse independent school district is attempting no such unauthorized act. The primary object in granting the privilege to the Royse Booster Club to use its school grounds as a place to play baseball is to subserve a public purpose, and not to promote some private end. And it clearly appears that such incidental use of the grounds could in no way impair the school buildings, or interfere in any wise with the orderly and successful conduct of the school.

The contract under consideration permits the use of the school grounds only during the period of time intervening between the close of the school in the spring and the beginning of the term in the following fall, and will result in quite a financial advantage to the school district. It may be true that the use to which the grounds will be put under the contract is not actually necessary for the promotion of the school, yet, as it will not impede or interfere with its progress, or tend to injure the school property, and will be used at a time when the grounds are not needed and will not be used by the school, such use is not so inconsistent with the purposes to which the property has been dedicated or set apart as renders the contract permitting it illegal or unauthorized. In other words, we think the contract between the trustees of the Royse independent school district and the Royse Booster Club, whereby said trustees lease to said club a portion of its unused school campus for the purpose of playing baseball thereon during vacation, in consideration that the said club will erect and maintain during the existence of the lease a suitable fence inclosing the entire school campus and grounds, such fence to become the property of the school district, the use of the grounds being so restricted as not to permit of injury to or waste of the school property, or interference with the conduct of the school, is not ultra vires or unauthorized.

[4] The next question is, Does the evidence justify the conclusion that the ball

games already played were so conducted as constituted them a nuisance? We think not. The evidence discloses that the noises and incidents of the games of ball played were such only as usually attend games of that character. It reveals no such boisterous, indecent, or vulgar conduct on the part of the players or those present to witness the games, or discomfort or annoyance to those residing near the ball grounds, or injury to the property as a result thereof, as calls for the restraining power of a court of equity. That the game of baseball is not a nuisance per se is well settled. It is an innocent or legitimate amusement, and, like a legitimate business, to warrant an injunction stopping or destroying it, it must appear that the indulgence in it is necessarily a nuisance. An injunction against the games will not be granted simply because it is feared that it may become a nuisance. Of course, if the games of ball played on the school grounds hereafter should be so conducted as to become a public nuisance, the power of a court of equity to restrain them may be invoked.

It results from what we have said that the judgment appealed from should be reversed, and the temporary injunction dissolved, and it is accordingly so ordered.