### POTEET et al. v. BRIDGES et al. (No. 6661.)

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1923.)

1. Schools and school districts ⟐25—City assuming control of schools becomes itself a school distrct, and yet remains a municipal corporation.

A city, by assuming control of the public schools within its limits, under Rev. St. art. 2874, does not thereby create a public school district separate from itself, but under Vernon's Ann. Civ. St. Supp. 1922, art. 2815c, it becomes itself a public school district, and by becoming such does not cease to be a municipal corporation, but adds an additional corporate function.

2. Schools and school districts ⟐67—City, assuming control of schools, given power to select sites and erect buildings.

A city, which has assumed control and management of public schools, under Rev. St. art. 2874, is vested with the power to select sites for school buildings and to erect such buildings.

3. Schools and school districts ⟐110—City extending limits for school purposes held to retain control and management of schools in added territory, so that proceeds of bond issue went to city treasury.

Under Rev. St. art. 2874, providing that cities which assume control and management of public free schools within their limits may provide sites and buildings in the manner and under the restrictions provided by article 925, and under article 2883, permitting a city that has taken charge of schools within its limits to extend its corporation lines for school purposes only, a city, which has assumed control of its schools, extended its boundaries, and issued bonds for the purpose of erecting a high school building, thereby included within its corporate limits for such purpose the added territory, so that the proceeds of the bond issue properly went into the city treasury, rather than to the district board of trustees.

4. Schools and school districts ⟐30—Boundaries of municipal district include territory added for school purposes only.

Under Rev. St. art. 925, as amended by Acts 1917, c. 14, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 925), and Rev. St. 1911, art. 2883, where a city has assumed control of its public schools under Rev. St. art. 2874, and for school purposes extended its city limits under article 2883, it becomes for school purposes a municipal district, and for such purpose its boundaries are coincident with its boundaries as extended for school purposes.

5. Schools and school districts ⟐97(1), 99(1) —Board of school trustees of municipal district not authorized to raise money by taxation or bonds, but municipality provides buildings and funds for schools run by board.

The title to school property of a municipal district created by a city under Rev. St. art. 2874, and article 2883, by assuming control of such schools and extending public limits for school purposes only, is in the board of school trustees, as is also the use and control of school buildings after they are erected, but such board has no authority to raise money for school purposes by taxation or the issuance of bonds (Rev. St. arts. 2874, 2877–2882), but the municipality provides the school buildings and the funds in addition to those provided by the state, and the board runs the schools.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Suit by L. Poteet and others against J. E. Bridges and others, officers of the City of West, in which the Board of School Trustees intervened as plaintiffs. From a judgment of dismissal plaintiffs appeal. Affirmed.

Bryan & Maxwell, of Waco, for appellants.
M. Pazdral, of West, and Street & Coston, of Waco, for appellees.

### Findings of Fact.

JENKINS, J. The city of West is a municipal corporation containing more than 1,000 and less than 5,000 inhabitants. It had assumed control of its public schools, administering the same through a board of school trustees who were elected by the qualified voters. Therefore it extended its boundaries for school purposes only taking in adjacent territory. It issued bonds for the purpose of erecting a high school building. The bonds were sold and the money placed in the city treasury. The city authorities contracted for a lot upon which to erect said building. Thereupon certain taxpayers, who are ap-

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellants herein, objected to the site selected for such building, and brought this suit to enjoin the city authorities from purchasing said lot and from erecting said building, alleging that the money obtained from the sale of said bonds should be turned over to the board of trustees of said independent district, for the reason that they alone were authorized to select the site for such building, and to contract for the erection thereof. The board of school trustees intervened as plaintiffs, and adopted the pleadings of the original plaintiffs. The court sustained a general demurrer to plaintiffs' petition and, they declining to amend, the suit was dismissed, to which action of the court plaintiffs excepted and here now prosecute this appeal.

### Opinion.

'It will be seen from the foregoing statement of facts that the issue presented by this appeal is whether the municipal authorities of the city of West or the board of school trustees had the right to select a building site for the purpose of school building, and contract for the erection of the same. Article 2874, R. S., reads as follows:

"Art. 2874. Towns or cities which have assumed, or may hereafter assume control and management of the public free schools within their limits may also provide for building sites and buildings for such public free schools and institutions of learning, in the manner, and under the restrictions and limitations provided in article (925) Revised Statutes, relating to cities and towns."

It will thus be seen that, as the city of West had assumed control and management of the public free schools within its limits, it, and not its school board, would have had the selection of the site and the control of the funds for the erection of the proposed building, if it had not thereafter extended its limits for school purposes beyond its limits as incorporated for municipal purposes. It was so held in Hamilton v. Bowers (Tex. Civ. App.) 146 S. W. 629. This is conceded by appellants. But they say that, inasmuch as in that case the city of Palestine had not extended its boundaries for school purposes beyond its municipal boundaries, that case is not authority in the instant case.

[1] A city, by assuming control of the public schools within its limits, does not thereby create a public school district, separate from itself, but itself becomes a public school district. It becoming such, it does not cease to be a municipal corporation, but adds an additional corporate function. This added function, in so far as it relates to the management and control of the schools, is exercised by a board of school trustees, who are officers of the municipality for that purpose, but the power to select sites for school buildings and the erection of such buildings

is, as appears from article 2874, supra, and the decision in Bowers v. Hamilton, supra, vested in the municipal authorities.

[2, 3] What effect does the extension of the boundaries of the municipality for school purposes only have upon such authority? Article 2883, Revised Statutes, reads in part as follows:

"Art. 2883. Any city or town that has taken charge of the public free schools within its limits, or that shall hereafter take charge of the same, may, by ordinance, extend its corporation lines for school purposes only," etc.

It will be observed that the article last above quoted authorizes a city or town to "extend its corporation lines" for school purposes only. When the lines of a city or town are extended in the manner provided by law, the territory included in such extension, for the purpose for which such extension was made, is thereby included within such corporate limits, and for such purpose becomes a part thereof. Such town or city still remains in control of its public schools "within its limits," and such added territory is, for school purposes, within its limits.

[4] Article 2815c, Vernon's Ann. Civ. St. Supp. 1922, reads in part as follows:

"Art. 2815c. Whenever the limits of any incorporated city or town within this state, which city or town constitutes an independent school district, shall be so extended or enlarged, or shall have been so extended or enlarged, as to embrace within the limits of such incorporated city or town the whole or any part of any independent or common school district adjacent to such incorporated city or town, that portion of such adjacent independent or common school district so embraced within the corporate limits of such incorporated city or town, shall thereafter become a part and portion of the independent school district constituted by such incorporated city or town."

Observe the language, "shall thereafter become a part and portion," not of an independent school district which includes such city or town, but of "the independent school district *constituted by such* * * * *city or town.*"

Article 925, as amended October 10, 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 925), provides that—

"In such cities or towns as have extended their lines or may hereafter extend their lines for school purposes only, under the provisions of article 2883 Revised Civil Statutes of Texas, 1911, the boundaries of such districts shall be coincident with the boundaries of the city or town as extended for school purposes only, and all such separate and independent districts shall be classified as municipal districts."

[5] The title to school property is vested in the boards of school trustees, as is also the use and control of school buildings after they are erected (R. S. art. 2872), but they have no authority to raise for such purpose

money by either taxation or the sale of bonds. R. S. arts. 2874, 2877, 2878, 2879, 2880, 2881, 2882. In other words, the municipality provides the schoolhouses and the funds, in addition to those provided by the state, and the board of school trustees run the schools.

The case of Snyder v. Baird Independent School District, 111 S. W. 723, cited by appellant, is not in point. The town of Baird had not assumed control of its public schools. It had not extended its boundaries for public school purposes. The Legislature created an independent school district, which included the town of Baird, and undertook to confer on such district the taxing powers permitted to cities and towns. This the court held the Legislature had no authority to do.

We hold that the municipal authorities of the city of West, and not the board of school trustees of said city, have the right to select the site for the proposed school building, and to contract for the erection of same, for which reason the trial court did not err in sustaining the general demurrer to plaintiff's petition.

The judgment is affirmed.

Affirmed.