# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXXIN~~

ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Hon. Ned G. Wallace
Assistant District Attorney
Conroe, Texas

Dear Sir:

Opinion No. O-1014
Re: Can Independent School District
Board award a contract for the
purchases of material to be
bought from a member?

Your request for an opinion on the question as is herein stated
has been received by this office.

Your letter reads in part as follows:

"Question: Under our laws governing Independent
School Districts, can the School Board award a
contract for the purchase of material to be bought from
one of the members of the Board who is regularly engaged
in the selling of said material?"

We quote from Texas Jurisprudence, Vol. 37, page 864, as follows:

"School districts are quasi public corporation. It is said
by the courts, particularly with inference to independent
districts, that they are of the same general character as
municipal corporations; in other words, 'quasi municipal
corporations,' which derive their powers by delegation from
the State. They are state agencies, erected and employed
for the purpose of administering the state's system of
public schools." Love vs. City of Dallas, 40 SW 2nd 20;
Thompson vs. Elmo Ind. School Dist., 269 SW 868.

As is the rule generally, the trustees of independent districts
possess only the powers expressly conferred by law or, necessarily
implied from the powers conferred. Originally, the statute
Article 2758, R.C.S. granted to trustees of independent districts
the same authority, as regards to the establishment and mainten-
ance of schools, that is conferred upon the governing bodies of
incorporated cities and towns; and in determining the authority
of such board the courts have applied the same rule as applied to
municipal corporations. As amended, the statutes merely give the
authority conferred by law upon independent school districts.

We quote from Texas Jurisprudence, Vol. 37, page 943, as follows:

> "A quasi public corporation, such as a school district, which owes special duties to the public, may not enter into any contract that is not expressly authorized by law.... An independent district is a municipality within the meaning of the constitutional provision (Art. 3, Sec. 53) providing that "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, ....nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.'"

The members of a board of an independent school district are elected public officers and the constitution and statutes prohibit various officers designated therein from being intersted in certain public contracts. Contracts in which the officer who made them may have a personal interest, and contracts giving an officer a personal interest in any official act to be done by him are clearly contrary to public policy and void.

In Vol. 44, Corpus Juris, page 89, we find the following rule:

> "It is the general rule that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void."

We quote from Corpus Juris, Vol. 56, page 485 as follows:

> "In some jurisdictions statutes provide that a member of a school board or a school officer cannot on behalf of the school district or other local school organization enter into a contract in which he has an individual interest, and that in such case the contract is void. Aside from express statutory enactment, such a contract is against public policy, and in some jurisdictions it is held that a contract so entered into is void, but in other jurisdictions such contracts are merely voidable, and are binding when properly ratified."

In the case of Royce Ind. School Dist. vs. Reinhardt, 159 SW 1010, the Court of Civil Appeals for the Dallas, District held that since the board of trustees is a creature of the statutes that it has only such powers as are conferred upon it and such implied powers as are necessary to execute such express powers.

This department held in a conference opinion In Book 50, page 411, that:

"A contract for the sale of supplies to a State Normal
School made by a corporation, the President and General
Manager of which is President of the State Normal School
Board of Regents is contrary to public policy and void.

"Statutes prohibiting officials from contracting on behalf
of the State with themselves are but declaratory of the
common law.

"That a member of an official board did not cast his vote
in favor of letting the contract to a corporation in which
he was a stockholder would not relieve the transaction from
the operation of the rule."

We quote from Storey on Agency, Sec. 211, as follows:

"An agent to sell cannot become the purchaser, this
principal is believed to pervade both the civil and common
law jurisprudence."

In discussing agreements pending to official corruption or injury
to the public, Elliot's Commentaries on the Law of Contracts,
Vol. 2, Sec. 706, states the rule in this language as follows:

"Agreements which tend to official corruption or injury
of the public service may not be entered into either directly
with the official or with a third person who is to bring
improper influence to bear upon such official. The courts
will unhesitatingly pronounce illegal and void, and being
contrary to public policy, those contracts entered into by
an officer or agent of the public which naturally tend to
induce such officer or agent to become remiss in his duty
to the public. Nor is it necessary for the officer or agent
to bind himself to violate his duties to the public in order
to bring such an agreement within the operation of the rule.
Any agreement by which he places himself or is placed in a
position which is inconsistent with his duties to the public
and has a tendency to induce him to violate such duties, is
clearly illegal and void."

The following section dealing with interest of a public official
is in part as follows:

"Under this principal, contracts for services or material
in which public officers have an individual interest, are
prohibited. Independently of any statute or precedent,
upon the general principal of law and morality, a member of
an official board cannot contract with the body of which he
is a member." Davidson vs. Gilford Company, 152 N.C. 3436;
State vs. Windell, 156 Ind. 648.

We quote from the case of Chaney vs. Unroe, 166 Ind. 550, as follows:

> "It is a well established and salutary doctrine, that he who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself. This rule does not depend on reasoning technical in its character, and is not local in its application. It is based on principals of reason, of morality and of public policy. It has its foundation in the very constitution of our nature for it has authoritatively been declared that a man cannot serve two masters, and is recognized and enforced wherever a regulated system of jurisprudence prevails."

In the case of the City of Fort Wayne vs. Rosenthal, 74 Ind. 156, it was held that an employment by a board of health of one of its members to vaccinate pupils in a public school is void. The court said:

> "As agent, he cannot contract with himself personally. He cannot buy what he is employed to sell. If employed to procure a service to be done, he cannot hire himself to do it. This doctrine is generally applicable to private agents and trustees; but to public officers it applies with greater force, and sound policies require that there be no relaxation of its stringency in any case which comes within its reason."

The reports abound in cases based upon statutes prohibiting officials becoming interested in contracts with the state. Statutes of this character, however, are nothing more than the adoption of the common law rule to the effect that one cannot in his official capacity deal with himself as an individual. In the case of Smith vs. Albany, 61 NY 444, the New York Court of Appeals in discussing this rule said:

> "It is unlawful for a member of any common counsel of any city in this state to become a contractor under any contract authorized by the common counsel, and authorizing such contracts to be declared void at the instance of the city, has not wrought a change in the rule referred to; it is, so far as it goes, simply declaratory of the law as it existed previous to the passage of the act of 1843."

The Supreme Court of Texas discussing the rule in Wills vs. Adbey, 27 Tex. 203, saying:

> "Public policies required that the officers chosen to locate and survey the public lands should not be permitted to speculate them, or to acquire interest in them, which would present to such officers the temptation to take advantage of

the information which their official·positions enable them to acquire, to the detriment of the holders of certificates generally."

We quote from 9 Cyc. 485 as follows:

"A people can have no higher public interest, except the preservation of their liberties, than integrity and the administration of their government and all of its departments. It is therefore a principal of the common law that it will not lend its aid to enforcement of the contract to do an act which tends to corrupt or contaminate, by improper and sinister influences, the integrity of our social or political institutions. Public officers should act from high consideration of public duty, and hence every agreement whose tendency or object is to sully the purity or mislead the judgment of those to whom the highest trust is confided is condemned by the courts. The officer may be an executive, administrative, legislative or judicial officer. The principal is the same in either case."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the board of an independent school district cannot award a contract for the purchase of material to be bought from a member of the board.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  s/ Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED JULY 10, 1939
s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By RWF, Chairman