

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable Joe C. Gladney
Criminal District Attorney
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. O-4565

Re: Authority of Board of Trustees
of the Overton Independent
School District to lease to the
City of Overton, school buses
for use by said city on runs so
scheduled as not to interfere
with the transportation of pu-
pils to and from school, and
upon the assumption by the City
of Overton of all liability and
operating costs.

Your letter of April 25, 1942, submits for our opinion the following inquiry, which we quote therefrom:

"Mr. Sam Warren, President of the Board of Trustees of the Overton Independent School District, has made request of me by letter that I submit the following question to your office for an opinion:

"'The City Commission of the City of Overton, Texas desires to lease either one or two buses owned (and operated) by the Overton Independent School District for use on a route to run near the city of Overton. The schedule of runs will be so arranged as not to interfere with the transportation of pupils to and from school. The city of Overton promises to assume all liability and pay the operating cost. Does the Board of Trustees of the Overton Independent School District have the authority to lease these busses for such purposes under such conditions?'

It seems that the idea of using the school busses for the purposes indicated by the question origi-

nated with a group of Overton citizens who thought
the plan would be worth while from the standpoint
of conservation of private motor vehicles and
would serve present public necessity.

"The Overton Independent School District has
more then five hundred scholastics and it is my
understanding that the City of Overton has not un-
dertaken the control and management of the school
system."

Public school property is held in trust to be used for
the benefit of the children of the community or district in
which the property exists. 37 Tex. Jur. 958. But the trustees
of a school district, including an independent district, may
authorize the use of school property for private purposes which
do not conflict with use as a school. Thus, it has been held,
there is no abuse of discretion by the trustees of an independ-
ent school district in leasing, during vacation, a portion of
an unused school campus for a baseball park, such use being so
restricted as to constitute no interference with or injury to
the school property, and the lease-contract being for the bene-
fit of the district. Royce Independent School District, et al.
vs. Reinhardt, 159 S.W. 1010.

Moreover, the trustees of an independent school district
have been upheld by the Supreme Court of Texas in the exercise
of their discretion in permitting the use of school buildings
by clubs and fraternal societies, musical organizations, Sunday-
schools, etc. where such uses do not interfere with their use
for school purposes. Martine vs. San Antonio Independent School
District, 115 Tex. 145, 277 S.W. 78, refusing writ of error, 275
S.W. 265.

The cited cases discuss and uphold the authority of
school trustees to lease or otherwise deal with the real estate
of a school district----land, buildings, and other fixtures
thereon----rather than personal property such as is involved
in the instant case. However, it is our opinion that this dif-
ference in the type of property involved does not remove the
instant situation from the reasoning and principles upon which
these authorities are grounded. We find no statutory prohibi-
tion of the contemplated leasing of or other dealing with school
buses; in Articles 2813 and 2687a, Vernon's Texas Civil Statutes,
the articles pertinent to this particular species of school
property. The accelerated rate of deterioration or depreciation
of school buses over school buildings is but another element
entering into the discretion of the school trustees in leasing
or dealing with such property, but should in no wise defeat or
deny the discretion vested in such trustees over all school
property, under the authorities.

Moreover, in connection with our holding that the school trustees in question may lawfully, if their discretion so dictates, enter into the described lease arrangement with the governing body of the city of Overton, we think it not amiss to point out that the purposes to be subserved by this transaction are public rather than private and such transaction is in harmony with the policy of our government in the present emergency to conserve motor vehicles and tires. The courts have found no abuse of discretion to exist, under the facts, in the leasing by school trustees of school buildings for private purposes, and we submit that with stronger reasoning the courts should uphold the discretion of the school trustees of the Overton Independent School District in leasing school property, personal though it be in nature, for public purposes, under circumstances and conditions growing out of the present emergency.

Thanking you for the helpful brief submitted in connection with your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

PMN:ff:wc


APPROVED MAY 19, 1942
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee by GWP Chairman