

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1950

Hon. Theophilus S. Painter, President
The University of Texas
Austin, Texas

Opinion No. V-1052.

Re: The legality of invest-
ing the Permanent Uni-
versity Fund in bonds
of common and independ-
ent school districts
of Texas.

Dear Sir:

We quote from your inquiry as follows:

"The investments of the Permanent Uni-
versity Fund are made pursuant to the author-
ity delegated to the Board of Regents by
Article 2591a, Vernon's Annotated Civil Stat-
utes of Texas, and by Section 11 of Article
VII of the Constitution of Texas, as amended.
We would appreciate very much your opinion
as to whether or not the term 'School Bonds
of Municipalities' in the constitution and
statutes includes the bonds of common and
independent school districts of this State?"

The Constitution of this State by Section 11 of
Article VII, as amended, declares that the Permanent Uni-
versity Funds "shall be invested in bonds of the United
States, the State of Texas, or counties of said State, or
in School Bonds of municipalities, or in bonds of any city
of this State, or in bonds issued under and by virtue of
the Federal Farm Loan Act . . ."

In conformance with the constitutional provi-
sion, as amended, Article 2591a of Vernon's Civil Stat-
utes was enacted. Section 1 of that statute provides in
part:

"The Board of Regents of the Univer-
sity of Texas is authorized to invest the
Permanent Fund of the University of Texas
in:

"1. Bonds of the State of Texas;
"2. Bonds of the United States;
"3. Bonds of counties of the State of
Texas; school bonds of municipali-
ties of the State of Texas; bonds
of cities in the State of Texas;"

Webster's New International Dictionary, 2nd Edi-
tion, defines "municipality" to be:

"A town, city or other district having
powers of local self-government; a municipal
corporation; also, the community under the
jurisdiction of a municipal government. . ."

In Love v. City of Dallas, 120 Tex. 351, 40 S.W.
2d 20 (1931) our Supreme Court, speaking on the nature,
status and property rights of school districts of Texas,
said:

"School districts are local public cor-
porations of the same general character as
municipal corporations. Thompson v. Elmo Ind.
School Dist. (Tex.Civ.App.) 269 S.W. 868,870;
Royse Ind. School Dist. v. Reinhardt (Tex.Civ.
App.) 159 S.W. 1010 (writ refused). They are
defined as quasi-municipal corporations and
derive their powers by delegation from the
state. They are state agencies, erected and
employed for the purpose of administering the
state's system of public schools. 24 Ruling
Case Law, pp. 562 to 565, ss 6 and 7 . . .
Cities and towns and municipal corporations
are of the same general nature as quasi-muni-
cipal corporations, in so far as here involv-
ed, and the right of the Legislature to create,
abolish, enlarge or restrict them in their ter-
ritory or powers is, unless restrained by spe-
cial constitutional provisions, similar to the
authority of the Legislature over quasi-muni-
cipal corporations. Both are agencies of the
government - the one with a more limited sphere
than the other . . ."

And from Hatcher v. State, 125 Tex. 84, 81 S.W.
2d 499 (1935) we quote:

". . . School Districts, whether inde-
pendent or common school districts, are not

primarily agencies of the state, but they
are local public corporations of the same
general character as municipal corporations
. . ."

See also Dupuy v. State, 135 Tex.Crim. 595, 121
S.W.2d 1003 (1938); Lewis v. Ind. School Dist. of City of
Austin, 139 Tex. 83, 161 S.W.2d 450 (1942); Harlingen In-
dependent School Dist. v. C. H. Page & Bro., 48 S.W.2d 983,
(Tex.Comm.App. 1932); 27 Words & Phrases, Perm. Ed., Muni-
cipalities, p. 796.

Furthermore, school districts of Texas, whether
classified as common or independent, are by statute con-
stituted bodies politic and corporate.  Arts. 2748, 2780,
V.C.S.; Hatcher v. State, supra.

The authorities above quoted demonstrate that
school districts of this State are municipalities, local
public corporations, created by the State for the purpose
of conducting in their localities the certain governmen-
tal educational functions delegated by the State.

In our opinion, the phrase "school bonds of
municipalities" as used in Section 11 of Article VII of
the Constitution and Article 2591a should be construed
to include school bonds of common and independent school
districts of Texas.  Further, that the words "of munici-
palities" were employed to restrict the investment of
permanent University funds (insofar as school bonds are
concerned) to investments in public school bonds as dis-
tinguished from bonds of private school corporations.

It is important to note that the same provi-
sions in the Constitution and statute considered herein
further authorize investment of such funds "in bonds of
any city of this State."  The quoted phrase immediately
follows the language under consideration.  School bonds
of municipally controlled school districts are issued by
the city.  Such bonds are city obligations, city bonds.
Poteet v. Bridges, 248 S.W. 415 (Tex.Civ.App. 1923); A.G.
Opinions V-334, V-690.  Being city bonds, investment of
permanent University funds in same would clearly be au-
thorized by the clause, "bonds of any city of this State."

If it were the purpose of the Constitution with
respect to investments in school bonds to restrict in-
vestments of said funds to those school bonds issued by
municipally controlled school districts, such intendment

could and, we think, would have been accomplished simply by omission from the law of that phrase "school bonds of municipalities," and leaving therein only the phrase "bonds of any city of this State." It is clear that "municipalities" and "city," as used in the Constitution and statutes were intended to have different meanings from one another.

In construing the Constitution and statutes, as we have, to authorize investment of permanent University funds in common and independent school district bonds, as well as in the municipally controlled school district bonds, meaning is given to the phrase "school bonds of municipalities." Construed otherwise that phrase becomes useless, having no meaning. Such a presumption should not be ascribed to the people who adopted the amended constitutional provision, nor to the Legislature in its enactment in accordance therewith.

## SUMMARY

Investments of the Permanent University Fund may be made in the bonds of common and independent school districts of this State. Art. VII, Sec.11, Tex. Const.; Art. 2591a, Sec.1, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

Price Daniel
Attorney General

CEO:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*
Chester E. Ollison
        Assistant